JOSEPH P. VASTINE, Public Administrator having in charge the ESTATE OF JAMES C. MARSH, Plaintiff in Error, *v.* GEO. T. BAST, Defendant in Error.

*Judgment—Record—Estoppel—Equity—Fraud.*—A party who has been duly served with process, and against whom judgment has been rendered for want of proper defence, cannot invoke the subsequent interposition of a court of equity to set aside the judgment on the ground that he was not a citizen or resident of the State, and that by fraudulent misrepresentations he had been induced to come within the jurisdiction, so that process might be served upon him. The objection should have been taken by appearing in the original suit and moving to set aside the service of process as procured by fraud.

*Error to St. Louis Court of Common Pleas.*

*Krum, Decker & Krum,* for plaintiff in error.

At common law, the power of the court over its own judgments by default remained until one year after rendition, and was exercised whenever any irregularity was shown to exist either upon the face of the record, or, *aliunde,* without regard to merits—Hallet v. Righters, 13 How. Pr. 45 ; Williams v. Reel, 5 Duer, 602.

32—VOL. XLI.

By our statute, it is provided that a party summoned, who has not appeared, may within three years (this petition was filed within the time limited) have it set aside by showing that he has a good defence—G. S. 1865, ch. 171, §§ 13 & 15.

In chancery, bills of review to open and set aside judgments constitute independent equities—Sto. Eq. Pl., § 426.

But this petition shows not only irregularity in the judgment (in this, that it was made final at the same term at which Bast was summoned), but proceeds to show that he was in nowise indebted to the defendants; that the service upon him was procured by a fraudulent conspiracy between the parties, and judgment obtained by fraud and deceit—Miles v. Jones, 28 Mo. 87; Harris v. Terrell's Ex'r, 38 Mo. 423.

Where a party is induced to come within the jurisdiction of the court by any improper means, any process against him will be set aside—Gufel v. Simonson, 3 Abb. Pr. R. 474; Carpenter v. Spooner, 2 Sandf. (S. C.) 717; Leaver v. Robinson, 3 Duer, 623; Morris v. Beach, 2 Johns. 294; Sanford v. Chase, 3 Cow. 381.

*Sharp & Broadhead*, for defendant in error.

I. The most extreme cases, and the farthest to which we think the doctrine has ever been pressed, or to which any courts have gone, is this. If a person has been subpœnaed, or prevailed upon by another, to come within the jurisdiction of a court, and while thus within such jurisdiction, out of his State, a capias or summons is served on him, he may on the return of the process appear, and on a proper showing have the return quashed. There are decisions to this extent —3 Duer, 622; 2 Sandf. 717; 2 Johns, 294; 3 Abb. Pr. R. 474.

In those cases it is well and properly held that if the party will, at the proper time, assert his wrong and ask relief, it will be given by quashing the return and freeing him from the effect of, and any further proceedings under, the process; but we have yet to learn that if the person served with pro-

cess will voluntarily disregard it, make no appearance or defence, and wait until the case has been proceeded on by the court to judgment, any court has ever relieved or opened the case again, and think there is no authority therefor. There would never be an end to litigation if such practice prevailed.

An attempt was made to bring this petition under the principles of the case of Harris v. Terrell's Ex'r, 38 Mo. 421, and the case of Miles v. Jones, 28 Mo. 87; but the effort fails, for those and other cases of that class are on the ground of fraud, bad faith and trickery in obtaining the judgment which is attacked.

The right to have the process quashed being waived, and the party having submitted to the jurisdiction, the case must proceed under the law and practice of the court; and if there is no fraud or evil practice in obtaining the judgment, it is valid and final.

II. It was clearly legal and regular to take default for want of answer, to try the case, and render final judgment at the return term.

The terms of the court trying the case were fixed by the act (R. C. 1855, p. 1587, § 18) for the 2d Mondays of March and October of each year; this was the act in force at the time of the proceedings in question. (See also R. C. 1855, p. 1595.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff filed his petition in the St. Louis Court of Common Pleas on the 14th of November, 1864, praying to set aside a judgment rendered against him in the same court in favor of the defendant on the 23d day of April, 1863. He alleges substantially as grounds for opening and vacating the judgment, that defendant, previous to the rendition of the judgment against him, recovered judgment against Wm. S. Hillyer and others, and that an execution was issued thereon and returned unsatisfied; that he (plaintiff) was a resident

of the State of Illinois and had never resided in Missouri, and was ignorant of the laws and judicial proceedings of this State; that Hillyer, under professions of great personal friendship, but with the false and fraudulent design of having him served with the process of garnishment under an execution sued out by the defendant Bast, induced him to come to St. Louis within the jurisdiction of the court issuing the process, and that while there he was served with garnishment by Bast to answer as the debtor of Hillyer; that when he went back to Chicago, he consulted a lawyer, who advised him that if he was not indebted to Hillyer, and had no property of his in his custody or under his control, it was unnecessary to do anything further in the premises, and that consequently he gave no further attention to the matter. He avers that a judgment was rendered against him by default, and that he had no notice of the same till a transcript of the same was sent to Chicago for collection; that Bast was a party and privy to the fraud by which he was induced to come within the jurisdiction of the court in St. Louis; that at the time of the service of the garnishment he was not indebted to Hillyer; and that he has a good and meritorious defence. The petition was demurred to, and the demurrer sustained.

The petition contains no grounds entitling the plaintiff to relief. It would not be sufficient as a bill in equity to enjoin the collection of the judgment. There is no allegation that it was obtained by fraud so as to bring it within the prior decisions of this court. The plaintiff had personal service and it was his duty to appear and make his defence. That he did not do so is attributable to his own negligence; that he was misinformed by his legal adviser in Chicago is his misfortune. No court should sanction any attempt to bring a party within its jurisdiction by fraud and misrepresentation. If the plaintiff was prevailed upon to come within the State, by false statements or fraudulent pretences, for the purpose of serving him with process, he should have appeared at the return term and made application to have the service set aside. But he cannot now be relieved against his own gross

negligence in disregarding the service. He had full opportunity to appear and make his defence, and if he did not avail himself of it, he must not complain when he reaps the fruits of his omission.

Judgment affirmed. The other judges concur.

*Krum, Decker & Krum*, for plaintiff in error.

*Sharp & Broadhead*, for defendant in error.