CAPITAL CITY BANK, Defendant in Error, *v.* SAMUEL KNOX, Plaintiff in Error.

47 333
35a 306
47 333
44a 599
47 333
111 443
47 333
175 538

1. *Practice, civil — Parties — Jurisdiction where defendants reside in different counties.*—Under the practice act (Wagn. Stat. 1005), when there are several defendants, and they reside in different counties, the suit may be brought in any such county, and ordinarily the plaintiff would have the right to select the county for the institution of the suit; but jurisdiction must be fairly acquired, and can not be maintained when it is sought to be obtained by fraudulent representations for the purpose of oppression.

*Error to First District Court.*

*Ewing & Smith*, for plaintiff in error.

The Circuit Court had no jurisdiction over defendant Knox. (Jacobs v. Mellen, 14 Mass. 132; 41 Mo. 493; 2 Johns. 294; 3 Abb. Pr. 474; 3 Cow. 381; 28 Mo. 75; 38 Mo. 421.)

*Lay & Belch*, for defendant in error.

In this case it may have been unkind in Vose to sell the dishonored note of Knox so far from his domicile. But wherein is it unlawful? No property of Knox is taken, no right divested. The court, it is presumed, would administer the rights of parties correctly. If not, the law has made ample provision by writs of error, appeal, change of venue, etc. Vose had a right to sell, the bank to buy, and the statute fixes the form.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff commenced its action in the Cole County Circuit Court against Samuel Knox and S. A. Vose on a negotiable promissory note executed by John F. Darby, payable to Samuel Knox, and by Knox indorsed and transferred to Vose. Vose indorsed and transferred the note to plaintiff, and at its maturity it was protested for non-payment. The plaintiff has its place of business in Jefferson City, Cole county, Missouri, and the defendant Vose also resides in Cole county. Knox lives in St. Louis county, and the writ was served upon him in that county.

At the return term Knox appeared and pleaded to the jurisdic-

diction of the court; and, as reasons in denial of the jurisdiction thereof, he stated that he was a resident of the city and county of St. Louis, and that he had not been within the limits of Cole county from the date of the making of the note till after process was served upon him. And he further averred that for the purpose of compelling him to answer this suit in Cole county, and for no other purpose, Vose assigned and delivered the note to the plaintiff; that the sole purpose and object of the indorsement and transfer by Vose to plaintiff was to enable the plaintiff to institute suit against Vose, who was a resident of Cole county, and by that contrivance acquire jurisdiction over him, a resident of St. Louis county, all of which facts were well known to plaintiff when it received the note, and the plaintiff unlawfully co-operated with Vose in the unlawful transaction; that the note was indorsed and transferred for an unlawful and wrongful purpose, and was wholly ineffective to give the Circuit Court jurisdiction over him. He further alleged that Vose was made a co-defendant in the case with no purpose of holding him responsible in the suit, but for the purpose only of compelling Knox to enter his appearance and defend the suit in a county remote from his residence.

To this plea the plaintiff demurred. The court sustained the demurrer and final judgment was rendered thereon, which was affirmed in the District Court, and Knox prosecuted his writ of error.

The practice act provides that where there are several defendants, and they reside in different counties, the suit may be brought in any such county (2 Wagn. Stat. 1005, § 1), and ordinarily the plaintiff would have the right to select the county for the institution of the suit. But jurisdiction must be fairly acquired, and can not be maintained where it is sought to be obtained by fraudulent representations or for the purpose of oppression. No court should sanction any attempt to bring a party within its jurisdiction by fraud and misrepresentation. (Marsh's Adm'r v. Bast, 41 Mo. 493.)

In January v. Rice, 33 Mo. 409, it appears that suit was brought against four persons in St. Louis county, and a summons issued against three of the defendants to that county, and

a separate writ was issued to St. Charles county against the defendant Rice, who resided in that county. Rice made no answer, and judgment was taken against him by default; the other defendants answered, and, on a trial, judgment was rendered for the plaintiffs. Upon motion this judgment was set aside and vacated by the court, and afterward plaintiffs dismissed their suit as to all the defendants except Rice, and had their damages assessed and final judgment against him. Rice moved the court to set aside the judgment against him, upon the alleged ground that the court had no jurisdiction to render judgment against him after the dismissal of the suit as to the other defendants. This motion was overruled, and, on appeal here, it was said there was no error in the action of the court below. The judge, in delivering the opinion in this court, remarked: "It is not disputed but that the court had jurisdiction of Rice while the other defendants were parties to the suit. That being the case, it did not lose jurisdiction by the dismissal as to the other defendants. Being once properly subject to the court, the jurisdiction of the court over him could not be interrupted by the results of the proceedings as to other parties. Especially is this the case where the petition had been taken as confessed as against him, whilst the other defendants were parties, and nothing remained to be done but to assess the plaintiff's damages."

It is to be observed that in the above case jurisdiction had in the beginning rightfully attached; that the defendant Rice had permitted judgment to go against him by default, and that nothing remained, even after the judgment against his co-defendants was set aside, but to assess the damages and make the judgment against him final. But there is a marked difference between Rice's case and the one at bar. For the purpose of the present decision, the demurrer admits every fact alleged in the plea to the jurisdiction. It confesses that the indorsement and transfer of the note by Vose to the plaintiff was a sham, for the sole purpose and object of enabling the Cole County Circuit Court to acquire jurisdiction over Knox, and compel him to answer and litigate the case in a county remote from his residence. Such a proceeding the law ought not to sanction. It

would be promotive of great injustice. The result would be, by a combination of parties for sinister ends, to abuse the process of the courts, and drag a defendant from one end of the State to the other to defend his rights at great trouble and expense, or else submit to be victimized. If the transfer was legal and fair, the court, when it acquired jurisdiction over Vose, had the undoubted right to issue the counterpart to any county in the State where Knox resided. But the allegations made by the plea to the jurisdiction should have been met by a replication putting their truth in issue. If they were true, as admitted by the demurrer, I think they amounted to a good plea. For these reasons the judgment will be reversed and the cause remanded, with directions to the court below to overrule the demurrer and give the plaintiff leave to file his reply.

Reversed and remanded. Judge Currier concurs; Judge Bliss absent.