GRAHAM, *Appellant*, v. RINGO.

1. **The Maker and the Guarantor** of a promissory note are **not** jointly liable, and they cannot be sued jointly.

2. **Jurisdiction**: MISJOINDER OF PARTIES: PRACTICE. Where two persons who are not jointly liable are joined as defendants in one action, if one of them resides and is served with process in a county other than that where the action is brought, the court acquires no jurisdiction over him; and if the misjoinder appears from the face of the petition, the question of jurisdiction may be raised after judgment. A plea to the jurisdiction before judgment is not necessary.

*Appeal from Cape Girardeau Court of Common Pleas.*—HON. H. G. WILSON, Judge.

*Lewis Brown* for appellant.

The trial court had jurisdiction in this cause against the maker of the note. 2 Wag. Stat., p. 1005, § 1; *January v. Rice*, 33 Mo. 409 ; *Huxley v. Harrold*, 62 Mo. 523. Where there is a misjoinder of causes of action, only those injured have the right to complain. *Dickerson v. Chrisman*, 28 Mo. 138. The proper way of correcting such irregularity is by motion to compel an election, and this must be done by the adverse party, and the objection is waived if the petition is not demurred to or moved against, and if the objection is substantial it would be cured by verdict *Mooney v. Kennett*, 19 Mo. 551; *Stevenson v. Judy*, 49 Mo. 227; *State v. Oddle*, 42 Mo 210; *Farmers' Bank v. Bayliss*, 41 Mo. 274; *House v. Lowell*, 45 Mo. 381 ; *Pickering v. Telegraph Co.*, 47 Mo. 487; *Frazer v. Roberts*, 32 Mo. 457; *Richardson v. Farmer*, 36 Mo. 35 ; *Hay v. Short*, 49 Mo. 139; 2 Wag. Stat., p. 1036, § 19, sub § 1, 5, 8, 9, 14, § 23. A judgment cannot be arrested as to some of the defendants and a final judgment entered as to others. *Rush v. Rush*, 19 Mo. 441 ; *Randalls v. Wilson*, 24 Mo. 76 ; *Covenant Ins. Co. v. Clover*, 36 Mo. 392.

*Houck & Ranney* for respondent.

Judgment can be rendered against a non-resident only when suit is brought in the county where one of the parties lives, provided, however, that party has been properly joined. *January v. Rice*, 33 Mo. 409; *Kerrin v. Roberson*, 49 Mo. 252; *Capital City Bank v. Knox*, 47 Mo. 333. The maker was improperly joined with the guarantor. *Farmers' Bank v. Bayliss*, 41 Mo. 274 ; *Central Savings Bank v. Shine*, 48 Mo. 464.

HOUGH, J.—This was an action instituted in the Cape Girardeau court of common pleas, against the defendant, Ringo, as maker, and the defendant, Hector, as guarantor, of a certain promissory note. Hector resided in Cape Girardeau county, but the defendant, Ringo, resided, and

was served, in Scott county. Both made default, and, on the 4th day of February, 1876, final judgment was rendered against both. On the 7th day of February,1876,the defendant Ringo, appeared specially, and moved to set aside the judgment rendered against him, for the reason that he could not be jointly sued with the defendant, Hector, and being a resident of Scott county, the court of common pleas of Cape Girardeau county acquired no jurisdiction of his person, by the service of process on him in Scott county. This motion was sustained, and the plaintiff, thereupon, took a non-suit with leave to move to set the same aside, and has brought the case here by appeal.

A guarantor is neither an indorser nor a surety. 2 Pars. Notes & Bills, 117. His undertaking is his own sep- **1. THE MAKER AND THE GUARANTOR.** arate and independent contract; it is not a joint engagement with his principal, and he cannot be sued with him. *Central Savings Bank v. Shine,* 48 Mo. 463; *McMillan v. Bull's Head Bank,* 32 Ind. 11; *Allen v. Fosgate,* 11 How. Pr. Rep. 218. It was improper, therefore, to render a judgment against both defendants.

Nor could any judgment have been rendered, in this action against Ringo alone. As he was not jointly liable **2. JURISDICTION: misjoinder of parties: practice.** with the defendant, Hector, and did not reside in the county in which the action was brought, and was not served with process in said county, the court acquired no jurisdiction over his person. Our statute provides that when there are several defendants, residing in different counties, suit may be brought in either of said counties, and in such case, a separate summons shall be issued to each county for all the defendants residing therein. But this statute evidently contemplates a case in which there is a joint liability on the part of all the defendants. It was not necessary for the defendant, Ringo, to appear and plead to the jurisdiction of the court, as was done in the case of the *Capital City Bank v. Knox,* 47 Mo. 333, as it sufficiently appeared from the face of the petition that the defendants were not jointly liable, and

that the defendant, Hector, was joined for the purpose of acquiring jurisdiction over the defendant, Ringo. The judgment was properly set aside, and the judgment of the common pleas court will be affirmed. The other judges concur.

AFFIRMED.