Byler v. Jones.

BYLER v. JONES, *Appellant.*

1. **Civil Jurisdiction not Acquired by use of Criminal Process:**
   PRACTICE. The criminal process of the State cannot be used to take a person from one county to another, so as to subject him to civil process in the latter county.

   Where it is so used the facts may be set forth by an answer in the nature of a plea to the jurisdiction, and will constitute a good defense.

3. **Practice.** A defense to the merits may now be united in the same answer with a plea to the jurisdiction; but the court ought to settle the question of jurisdiction before permitting a trial on the merits.

*Appeal from Linn Common Pleas Court.*—HON. THOMAS WHITAKER, Judge.

REVERSED.

*Edwin Silver* and *Torrance & Hill* for appellant.

*Myers & Crandall* for respondent.

MARTIN, C.—This was an action for damages against the defendant for debauching and seducing the daughter and servant of plaintiff, and was commenced on the 30th day of September, 1879. At the return term in November of the same year, the defendant filed the following answer

or plea to the jurisdiction of the court over him as a party defendant:

"Now comes the defendant, and for this his plea to the jurisdiction of the court, and as reasons in denial of the jurisdiction thereof, states that he was at the time of the commencement of this suit, and for a long time prior thereto, a resident of the county of Morgan and State of Missouri; that for the purpose of compelling defendant to defend this case in the court the plaintiff wrongfully procured a warrant to be sued out before V. B. Bowers, a justice of the peace within and for Bucklin township, county of Linn aforesaid, charging defendant with the crime of assault with intent to commit a rape, and did cause said defendant to be arrested in the county of Morgan, aforesaid, and brought before said justice for examination under said charge, and that on the 2nd day of October, 1879, in the county of Linn, aforesaid, and while said defendant was under arrest, as aforesaid, the said plaintiff procured the summons to be served upon him to answer this action; that immediately afterward said defendant was discharged by the justice, and released from custody and returned to his home in the county of Morgan, aforesaid; that at the time of the service, as aforesaid, to answer in this cause, defendant was not a resident of Linn county, and defendant avers that a wrongful and improper use of the process of this court has been used at the instance and procurement of plaintiff to compel defendant to appear and defend this suit at great cost, expense and inconvenience, and that such action is wholly ineffective to give this court jurisdiction over defendant for the reasons aforesaid."

To this answer or plea the plaintiff filed a motion asking the court to strike it out on the ground that it constituted no defense to the case, was unauthorized by our statutes, and was not verified by affidavit. This motion was sustained, against the objection and exception of the defendant, who declined to answer further. Thereupon an interlocutory judgment was rendered against him, and at a

subsequent term damages were assessed and judgment entered for $2,500. After motions for new trial and in arrest of judgment were overruled, the defendant took his appeal to this court.

Our Practice Act provides that suits by summons shall be brought " when the defendant is a resident of the State, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found." R. S. 1879, § 3481. The motion admitted the facts of the plea. And according to the truth of the plea, the defendant was a resident of Morgan county and while there could not be found in Linn county. The plaintiff, with the view of rendering it possible for the sheriff of Linn county to find him there, made use of the criminal process of the State, which extends to any county for the purpose of bodily seizure and transportation. After such seizure or arrest and transportation to Linn county the defendant is served with process in this proceeding for damages. This method of finding a citizen in the county where the plaintiff resides cannot receive the approbation of this court. It was an abuse of the criminal process of the State to employ it for such a purpose ; and the courts of Linn county could acquire no rightful jurisdiction over the person of defendant in any civil proceeding by means of such a contrivance and wrong.

1. CIVIL JURISDICTION NOT ACQUIRED BY USE OF CRIMINAL PROCESS: practice.

No rightful jurisdiction of a party can be acquired by fraud or misrepresentation, and if the person so proceeded against brings it properly to the attention of the court assuming jurisdiction over him, as the defendant did in this case, the suit must be dismissed after proof or admission of the facts. *Capital City Bank v. Knox,* 47 Mo. 334; *Marsh v. Bast,* 41 Mo. 493; *Graham v. Ringo,* 67 Mo. 324.

A demurrer would be a better method of testing the validity of the answer than a motion to strike out.

I may remark in this connection that under the recent decisions of this court the defendant could have included

2. PRACTICE. in his answer a defense to the merits of the case, without foregoing the benefits of his plea to the jurisdiction. *Little v. Harrington*, 71 Mo. 390. But where the answer along with the merits of the defense includes a plea to the jurisdiction over the party defendant, the court, in the exercise of its discretionary powers in directing the trial of issues before it, ought to settle the matter of its own jurisdiction before going into a trial of the cause, which presupposes the rightful jurisdiction of the court at every step.

The judgment is reversed and the cause remanded. All concur.