By the Court.—Freedman, J.
The technical objections raised to the orders appealed from, present only questions of practice and do not affect the jurisdiction. They have been carefully examined and found to be untenable under the circumstances of the case.
It, therefore, remains to be seen whether the orders should be set aside because, as is claimed, the defendant was brought within the jurisdiction of the court ostensibly upon a criminal charge, but in reality to enable the plaintiff and his successor in interest to obtain property in the hands of a third person who necessarily attended the defendant and had charge of her and her property.
The facts, as they appear in the printed record, are substantially as follows:
In January, 1885, a judgment was obtained and docketed by the plaintiff in this court against the defendants for $82,518.75, and a transcript thereof filed in the office of the clerk of the city and county of New York. Execution was thereupon issued to the sheriff of the city and county of New York, where the defendants last resided. The execution was returned wholly unsatisfied, and the judgment remains wholly unpaid. John Gill died on July 28,1885, intestate. The plaintiff made his report as committee of the estate of the intestate to this court and was discharged from his trust. Thereafter Robert Gill was appointed by the surrogate administrator of the estate of the intestate, and as such he is the only person entitled to collect said judgment and to institute proceedings for its enforcement.
The defendant, Alice Woodhall, was arrested in Eng *444 land on March 12, 1888, upon a provisional warrant of extradition, on a charge of forgery committed within the United States. She was taken before a magistrate and finally committed to stand trial in the United States. A warrant of extradition was issued by the English authorities whereby a police officer, John Tunbridge, was directed to convey Alice Woodhall to the United States, and a supplemental warrant was issued by the United States legation in London whereby the officer was directed “to take said Alice Woodhall into his custody, and conduct her to the United States of America, and there deliver her to such person or persons as the president of the United States might authorize to receive her. And if no such person shall appear duly authorized by the president of the United States to receive said Alice Woodhall, then to deliver her, the said Alice Woodhall, into the custody of the United States marshal for the Southern District of New York, in the city of New York, to be held by said marshal, subject to the order of the president of the United States.”
At the time of her arrest, John Tunbridge, the police officer who arrested her, found upon her person and in her room certain coupons and Bank of England notes, which he seized as police officer, and retained as evidence of her guilt. He brought this property with the defendant to New York. He and the defendant left England on the 23d of May, 1888, on the steamship Ohio, and they arrived in the harbor of New York on the 2d of June, 1888. On the 31st of May, 1888, while the defendant and the police officer were on the high seas, the attorney for Robert Gill, as administrator of the estate of John Gill, deceased, obtained an order in this action for the examination of John Tunbridge as an alleged third person having property in his possession belonging to the defendant, which order enjoined him from disposing of the property in any way. On June 1, 1888, a receiver was appointed of defendant’s property. On the arrival of the officer with the defend *445 ant on June 2, 1888, the officer handed the defendant over to the custody of the United States marshal, but was stopped by order of the court from handing over the property in his possession. He was thereupon examined pursuant to the order, and at the close of his examination the orders were made directing him to deliver all the property of the defendant in his possession to the receiver. Prior to that the defendant moved to set aside the order for the examination of Tunbridge and the order appointing a receiver, which motions were denied. The appeals are from the orders denying these motions and from the orders directing Tunbridge to deliver the property to the receiver.
As matter of law, the rule is well settled that if a defendant be brought within the jurisdiction of the court by any fraud or deceit, the service of process upon him will be set aside. Snelling v. Watrous, 2 Paige 314; Carpenter v. Spooner, 2 Sand. Super. Ct. 717; Goupil v. Simonson, 3 Abb. 474; Baker v. Wales, 35 N. Y. Super. Ct. (3 J. & S.) 403.
In Metcalf v. Clark, 41 Barb. 46, the service of the summons, and all proceedings dependent thereon, were set aside and a warrant of attachment vacated.
In the case of Lagrave, 14 Abb. N. S. 333, it was . held by Fajstcher, J., that a party brought within the jurisdiction by requisition or extradition on a • criminal charge which is a mere pretext, is not liable to the service of process in civil proceedings at the suit of those who caused him to be brought within the jurisdiction, and that such party, if arrested in a civil action, is not bound to move in that action to set aside the service of the order of arrest, but may resort to habeas corpus and certiorari.
In Adriance v. Lagrave, 59 N. Y. 110, it was held, however, that while parties participating in procuring the defendant to be brought by extradition proceedings within the jurisdiction of the court, in bad faith, for the purpose of arresting him on civil process, may not be *446 allowed to receive an advantage from their wrongful acts, the rule does not apply to creditors not concerned in the trick or device by which the defendant was brought within the jurisdiction. By them, it was held by the Court of Appeals, the defendant may be caused to be arrested under civil process, and as against them the defendant cannot raise the question that the offence with which he was charged in the extradition proceedings was not within the treaty between our government and the government from whose territory he was taken, or that the latter government was deceived or defrauded.
From the foregoing authorities it sufficiently appears that a defendant, in order to sustain the objection that he was brought by criminal proceedings and against his will within the civil jurisdiction of the courts of this state, must establish two things, viz.: (1) That the criminal proceedings were instigated by the creditor or person who attempts to subject him to the civil jurisdiction, and (2) that such creditor or person was guilty of a wrongful act in the instigation of the criminal proceedings.
In the case at bar, the defendant wholly failed to establish the second, even if it be conceded that she sufficiently established the first. For all that appears the warrant of extradition was in strict compliance with the law and the treaties, and the defendant may have been guilty of the very offence charged against her and for which she was brought back. She nowhere claimed that she was innocent of the offence for which she was extradited, or that the offence charged against her was not covered by the law or the treaties. In view of all this, it cannot, in the absence of evidence showing bad faith, be held that the parties who set on foot the criminal proceedings were guilty of a wrongful act in doing so. The appeals must be determined upon the facts as they were made to appear in the course of the proceedings below, and consequently subsequent occurrences *447 cannot be taken into account. For all that appears the parties who instigated the criminal proceedings and the parties who managed the civil proceedings did no more than under the circumstances they had a right to do.
The views already expressed render it unnecessary to consider the further question whether, in the enforcement of the rule as to abuse of process, as above stated, a distinction should or should not be made between process served upon the defendant personally and process served upon a third party accompanying the defendant and having property of the defendant in his possession.
The orders appealed from should be severally affirmed with .costs and disbursements.
Sedgwick, Ch. J., and Truax, J., concurred.