JOHN GROCE, Respondent, v. HENRY SKELTON, Appellant.

Springfield Court of Appeals, May 3, 1921.

1. **PROCESS: Service on Defendant Who Entered County to Attend Deposition Taking, Held Legal Fraud.** Where plaintiff had begun an action in the county of defendant's residence and served notice to take depositions in the county of plaintiff's residence, it was a legal fraud to dismiss the former action and secure service on defendant when he came to attend the taking of the depositions, even though neither plaintiff nor his attorney had such intent at the time they gave notice to take the depositions, and the service so obtained is insufficient to give the court jurisdiction.

2. ————: **Fact That Defendant Did Not Have to Appear at Taking of Deposition Held Not to Validate Service Thereat.** The fact that defendant was not legally required to appear at the taking of depositions in another county does not make valid a service upon him of a new action begun in that county while he was there for the purpose of the taking of the depositions.

Appeal From Circuit Court Of Howell County.—*Hon. E. P. Dorris,* Judge.

REVERSED.

*Wright & Ruffin* and *Green & Green* for appellant.

(1) It is competent for the defendant to unite in the same answer matter in abatement and matter in bar. Little v. Harrington, 71 Mo. 390; Byler v. Jones, 79 Mo. 264; Christian v. Williams, 111 Mo. 443; Meyer v. Insurance Co., 184 Mo. 487; Little Rock Trust Co. v. Ry. Co.,

195 Mo. 669, 683. (2) An agent must be the cause and to require a jury to find what "indirectly" includes would give them a rather large field for operation. Russell v. Poor, 133 Mo. App. 727; Real Est. Co. v. R. E. Co., 144 Mo. App. 625; Ramsey v. West, 31 Mo. App. 676; Dillard v. Field, 168 Mo. App. 212.

*W. N. Evans* for respondent.

(1) This plea in abatement was submitted to the court and tried separate from the merits of the cause at the instance of the defendant and it is the well-settled doctrine of this State that the finding of the trial judge on that issue is conclusive, it being evident that the court found that the defendant was not brought into its jurisdiction by fraud. Christian v. Williams, 111 Mo. 429, 444; Morris v. Dowell, 205 S. W. 232, and cases cited. (2) Even conceding that defendant when served with process in Howell County was attending a civil procedure against him he would not be protected on the theory that he was there at the instance of the plaintiff. See Bledsoe v. Letson, 215 S. W. 514, and cases cited.

FARRINGTON, J.—The plaintiff recovered a judgment against defendant for commissions alleged to be due on account of services rendered as a real estate agent in selling the defendant's land.

As we think the trial court erred in failing to sustain a plea in abatement filed by defendant, which plea strikes at the jurisdiction of the court in this cause, it will be unnecessary to discuss any other phase of the record before us.

It appears, without contradiction, that the plaintiff sometime previous to this suit had filed a suit in Howell County, Missouri against the defendant on this same cause of action; that the summons was placed in the hands of the sheriff and there was a failure to obtain service, which case was dismissed, and the plaintiff then filed suit in Greene County, which was the home of defendant, on the same cause of action. While this suit was pending,

the plaintiff gave notice to the defendant to take depositions in the cause then pending in the Greene County Circuit Court, which depositions were to be taken at the office of the plaintiff's attorney in the town of West Plains, Howell County, Missouri, the time set for taking said depositions was May 29, 1919. It appears that the defendant and his attorney went to West Plains, the defendant arriving there on May 28th, the day before the time for taking the depositions as set in the notice, and his attorney appeared there on the morning of the 29th, which was the day set for the taking of the same. It is further admitted by plaintiff's attorney that on May 28th, he conceived the idea of dismissing the suit then pending in Greene County, in which the depositions were to be taken, and to institute a new suit on the same cause of action in Howell County where he could then get service upon the defendant who had gone there on the taking of the depositions in the Greene County action, and this summons was served in the suit in which the judgment was rendered which is the subject of this appeal. Although the new suit was filed in Howell County on May 28th, and the summons placed in the sheriff's hands, service was not had until about noon the 29th. The attorney for plaintiff admitted that on the morning of the 29th, after he had filed this suit the day before, he wired to the clerk of the Greene County Circuit Court to dismiss that action and then notified the defendant and his attorney that no depositions would be taken. It was further testified to by the attorney for defendant that on the morning of the 29th, the attorney for plaintiff had informed him that he had tried several times to get the defendant into Howell County so that service might be had on him but that he had failed to do so. The attorney for plaintiff testified that what he meant by that was that he had failed to get service in the first suit he had filed in Howell County. Plaintiff's attorney testified that at the time he gave the notice to take depositions in the suit pending in Greene County, he nor his client had any idea of getting defendant down to West Plains on that matter and then filing a

new suit in that county; and it appears from the evidence that the attorney for plaintiff, Mr. J. L. Bess, strenuously testified that he had no fraudulent motive in doing what was done.

With these facts before us we feel that no court should permit a service of this kind to stand as legal process. Regardless of what the intention of plaintiff's attorney was when he gave notice to take the depositions in West Plains on May 29th, before that deposition was taken and after the defendant went to West Plains to attend to his law suit, the plaintiff and his attorney did conceive the idea of dismissing the action on which they had brought him there and instituted a suit in that county where they could get service on him while attending a procedure in the suit formerly filed in Greene County.

The facts are all practically admitted in this case, and the only thing from which any court could hold that the purpose of taking the steps that were taken by the plaintiff were not for the purpose of getting the defendant down there and suing him and thus procuring service by fraud, is the testimony of the attorney that he did not intend such fraud. Legal fraud is measured by the facts and actions of the parties and the net result. It is probably true that the attorney for plaintiff in this case did not have a preconceived idea to file a new suit in West Plains at the time he gave the notice to take depositions in the Greene County action, yet before the time came for taking that deposition he undoubtedly had the idea of dismissing the case because he actually filed this suit the day before the depositions were to be taken. This amounts to a legal fraud, and as all of the authorities clearly hold that process procured by fraud or misrepresentation cannot be permitted to stand, we must hold that the service in this case was bad and that the court should have sustained the plea in abatement.

It will not do to say that the defendant did not have to come to West Plains merely because a notice to take depositions in a suit in which he was defendant had been given. It is perfectly apparent to any lawyer and any one ever having had any litigation that is necessary for the

lawyer to have his client with him at the trial of cases and the taking of the material and necessary testimony which will be produced at the trial. It will not lie in the plaintiff's mouth in this instance to say that he did not expect the defendant in this case because he had prepared his petition in this case and had it filed in court the day before the time of taking the depositions in the suit which was then pending in Greene County.

We realize that the rule in Missouri is somewhat out of line with the great weight of authority in the United States concerning the exemption of witnesses, suitors, etc. [See 32 Cyc, 493, 497; 21 R. C. L., page 1305, secs. 50 and 51 under title of process.] All the cases, however, and even those in Missouri, refuse to uphold a process which has been procured by either an actual or legal fraud or misrepresentation. [See Byler v. Jones, 79 Mo. 261; Christian v. Williams, 111 Mo. 430, 443, 20 S. W. 96; Baisley v. Baisley, 113 Mo. 544, 21 S. W. 29; Morris v. Dowell, 205 S. W. 229; Marsh v. Bast, 41 Mo. 493; Capital City Bank v. Knox, 47 Mo. 333; Graham v. Ringo, 67 Mo. 324.]

In this case the facts are all admitted. It is not a case where there is countervailing evidence which requires an exercise of the trial court in finding a fact. In this case it became only the duty of the trial court, and therefore the duty of this court, to declare what the law is from the undisputed facts. The trial court, therefore, erred in refusing to sustain the plea in abatement. The judgment is reversed.

*Cox, P. J.,* and *Bradley, J.,* concur.