PHILIP M. MCHUGH, Appellant, v. J. EDWARD JONES, etc., Respondent.— Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 111.] The following question is certified: Was the order denying, as a matter of law, plaintiff's motion to set aside the verdict and for a new trial and to vacate the judgment, properly made? Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

GRACE D. MCKENNA and EDWIN V. HELLAWELL, as Executrix and Executor, Respectively, etc., of HENRIETTA F. LAMERDIN, Deceased, Plaintiffs, Respondents, v. THE WILLIAMSBURGH SAVINGS BANK, Defendant; MARY A. LAMERDIN and Another, as Executors, etc., of JOHN P. LAMERDIN, Deceased, Appellants, and Others, Defendants, Respondents.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

JACOB SIEVEN, Respondent, v. HJALMAR OLSSON, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present— Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

WINFRED C. ALLEN, Appellant, v. WARREN BETTERLY, Respondent.— Order setting aside service of summons and complaint on the ground that defendant was enticed within this State reversed on the law and the facts, without costs, and matter remitted to Special Term for hearing and determination. Although it is undisputed that defendant was invited to come to New York to discuss the indebtedness which is the subject of the action, it is not undisputed that he had no reason to believe that he was to be served with summons if the discussion did not terminate in an arrangement satisfactory to the plaintiff. On the contrary, if the version set forth in the affidavits in opposition to the motion be found to be true, the defendant knew at the time that he came to New York of plaintiff's intention to commence an action against him and anticipated service of a summons upon him. If the invitation to defendant was a legitimate one and not a pretext, and the defendant was or should have been aware that there was likelihood of service upon him, no fraud or deceit was practiced upon the defendant and the service should not be set aside. To determine the question of fact, the taking of testimony with opportunity of cross-examination should be afforded. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

NATHAN BONIOS, as Administrator, etc., of TILLIE FRIEDLANDER, Deceased, Respondent, v. BROOKLYN BUS CORPORATION, Appellant.— In an action brought to recover damages for the wrongful death of plaintiff's intestate, and for personal injuries sustained prior to her death, due to the negligent operation of defendant's bus, which ran down the intestate and inflicted injuries from which she subsequently died, judgment in favor of plaintiff reversed on the facts and a new trial granted, costs to the appellant to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulate to reduce to $18,000 the amount of the verdict rendered in his favor in the death action; in which event the judgment, as so reduced, is unanimously affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.