BROADDUS *v.* PARTRICK.

(*Nashville*, December Term, 1941.)

Opinion filed April 5, 1941.

CANADA & RUSSELL, C. P. J. MOONEY and COOPER TURNER, all of Memphis, for plaintiff.

W. A. Percy, of Memphis, and Farmer, Denney & Leftwich, of Nashville, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

This is an appeal from the judgment of the court below sustaining a plea in abatement to plaintiff's action.

In certain proceedings in the probate court of Shelby County, an attachment for the body of P. A. Partrick, Jr., issued on June 24, 1937, returnable to June 30, 1937. Partrick resided in Davidson County and the order directed the sheriff of Davidson County to take Partrick into custody and have him before the court at ten A. M. on the day aforesaid. The order, however, provided that the sheriff might release Partrick from custody upon his making a bail bond in the penal sum of $500, conditioned as required by law for his appearance before the court on the date aforesaid. The attachment issued as ordered, was executed by the sheriff of Davidson County, and Partrick released upon giving the prescribed bond conditioned for his appearance in the probate court of Shelby County at the time mentioned.

The hearing was postponed until July 2, 1937, and the appearance bond of Partrick was continued in full force and effect by consent of all parties, including the sureties, to stand for his appearance at that time.

Partrick returned to Nashville but went back to Memphis on July 2, 1937, and duly made his appearance before the Probate Judge. While in Memphis, on the latter occasion, the present suit was instituted against Partrick in the circuit court of Shelby County and process served on him. The plea in abatement asserted immunity for Partrick from service of process or suit on the ground

that he had come into Shelby County as a party to another suit and was exempt from the service of civil process while attending court and for such reasonable time before and after trial as might enable him to go from and return to his home. It is admitted that if Partrick had been in Memphis as a suitor or witness in a civil suit he would have been exempt from the service of process in another civil suit, but it is insisted that the proceedings against him in the probate court were contempt proceedings, criminal in nature, and that the rule relied on by Partrick has no application.

We considered the matter at some length in *Anderson* v. *Atkins,* 161 Tenn. 137, 29 S. W. (2d), 248, noted a conflict of authority in other jurisdictions, and aligned this court with those holding that a non-resident defendant in a criminal case is not immune from the service of civil process while coming into or going out of a jurisdiction unless the prosecution is instituted in bad faith for the bare purpose of bringing such party into the jurisdiction to be served with civil process. Referring to the decisions supporting the rule adopted and the reasons for same, we said:

"The substance of these decisions is that the exemption from suit is not a natural right but in derogation of the common natural right of every creditor to collect his debt by subjecting his debtor to due process in any jurisdiction where the debtor may be found. Since the exemption is to encourage voluntary attendance upon courts and to expedite the administration of justice, the privilege should not be extended beyond the reason of the rule upon which it rests. The reason of the rule fails when a party to a suit is brought into the jurisdiction of the court under arrest or other compulsion of law. Such

a party does nothing to encourage or promote voluntary submission to judicial proceedings. He comes because he cannot do otherwise.

"Under the authorities last cited, it is regarded as immaterial that a defendant is on bail. He is still in the custody of the law—of his bondsmen, who have the right and power at any moment to surrender him into actual confinement. Such a defendant is not a free agent when he submits himself to the court, does not act voluntarily, but under compulsion of the law."

Counsel have discussed at much length the nature of contempt proceedings and referred to authorities considering same. We do not find it necessary to go into the differences between contempt proceedings civil in their nature and contempt proceedings criminal in their nature. While for some purposes the proceedings against Partrick may be regarded as civil in nature, it is certain that he did not voluntarily appear in Memphis at the time he was served with process in the circuit court suit. An attachment had issued for his body. He was released from that attachment only upon bond given for his appearance. He came to Memphis under compulsion of law—because he had to come. Had he refused to come, the sureties on his bond could have surrendered him into custody at once.

All the reasons which would have denied the immunity claimed had the proceedings against Partrick been strictly criminal in their nature deny that immunity to him in the case now under consideration.

We therefore reach the conclusion that the trial judge improperly sustained the plea in abatement. The ground upon which he sustained this plea is not seriously relied on in this court and need not be considered.

Counsel for Partrick undertakes to sustain the action of the lower court upon the ground that we have rejected above.

Reversed.