256 P.2d 787

LACHARITE et ux. v. DISTRICT COURT OF FIFTH JUDICIAL DIST., IN AND FOR BANNOCK COUNTY et al.

TIPTON et ux. v. DISTRICT COURT OF FIFTH JUDICIAL DIST., IN AND FOR BANNOCK COUNTY et al.

No. 7980.

Supreme Court of Idaho.

April 28, 1953.

O. R. Baum, R. M. Whittier and Mark B. Clark, Pocatello, for appellant.

Zener & Peterson, Pocatello, for defendant Stenerson.

THOMAS, Justice.

Stenerson, a nonresident, was served with summons in two actions, one entitled William A. Lacharite and Wauneita F. Lacharite, husband and wife, Plaintiffs, v. I. S. Stenerson, as an individual, and also doing business under the firm name and style of Builtrite Homes; Smith-Marshall Agency, Inc., a corporation, and International Oil Burner Company, a corporation, Defendants, and the other, Henry C. Tipton and Faye M. Tipton, husband and wife, Plaintiffs, v. I. S. Stenerson, as an individual, and also doing business under the firm name and style of Builtrite Homes; Smith-Marshall Agency, Inc., a corporation, and International Oil Burner Company, a corporation, Defendants, while in attendance at the District Court of the Fifth Judicial District, Pocatello, Bannock County, Idaho, during trial of another case against him and the other defendants by other parties plaintiff.

Stenerson, a building contractor, during a period of some four years had constructed approximately two hundred homes in the Pocatello area which he sold to individuals. Following completion of the homes, Stenerson left the state of Idaho. Subsequently, the purchaser of one of such homes brought an action against all the defendants to recover the amount necessary to expend to complete the home in accordance with the representations allegedly made. During the trial of that case service of summons in the instant cases, as well as in some three additional like cases, was made upon Stenerson. All of these actions so filed, including the one which was tried, are identical in character and each arose out of the same general subject matter.

Stenerson made a special appearance in these two cases wherein he asked the court to quash the service of summons on the

ground that he was privileged and immune from such service since at the time thereof he was within this state as a party defendant in another civil action then being tried in Bannock County, Idaho, and that he was present solely to defend himself in said action.

The motion to quash the service of summons was granted and the petitioners herein then petitioned this court for a writ of review, seeking to have this court declare the service in each case valid in order that they might be tried and heard upon their respective merits.

The sole and narrow question presented for determination by the record, and as conceded by defendant, is whether or not a nonresident defendant within the state of Idaho, while actually in attendance at a trial of a civil action filed against him by a resident of this state, can be lawfully served with a summons in another civil action instituted against him by other residents of Idaho.

We are not herein concerned with the privilege or immunity of nonresident witnesses or attorneys nor with that of a nonresident plaintiff.

It would serve no useful purpose to, hence we will not engage in any extended discussion of the origin, history, development and numerous variations of the rule with respect to the immunity of nonresident suitors from service of process while in attendance in court. An extended discussion thereof is found in Fisher v. Bouchelle, W.Va., 61 S.E.2d 305. One's reaction from an examination of this subject is well and accurately expressed in the case of Netograph Mfg. Co. v. Scrugham, 197 N.Y. 377, 90 N.E. 962, 27 L.R.A.,N.S., 333, 134 Am. St.Rep. 886, as follows:

"This question, based upon the undisputed facts of this record, is very narrow, but it relates to a subject which has for centuries engaged the attention of common-law courts under every conceivable variety of circumstances. Volumes of opinions have been written in which one can find all sorts of conflicting decisions and almost any dictum that one may be looking for. * * *"

■■ Generally, the privilege of immunity from service of civil process on nonresident suitors is not covered by statute but rests on grounds of public policy and the due administration of justice.

In most jurisdictions such immunity not only includes nonresident suitors residing outside of the state but extends to suitors who, although residents of the state, are not residents of the county in which they are attending court, 72 C.J.S., Process, § 80, pp. 1112-1118; 42 Am.Jur., sec. 143, p. 124; however, in some jurisdictions, including Idaho, no immunity is granted to a suitor who is a nonresident of the county in which the proceedings are had; here it is regarded as essentially a question of venue

rather than validity of service. Sections 5–404, 5–405 and 5–406, I.C. Our public policy in this respect does not conform to that found in most jurisdictions.

Although far from harmonious, in a majority of jurisdictions a nonresident who enters the state to be tried in a criminal prosecution against him is exempt from service of process while attending court and for a reasonable time before and after in going to court and returning home, 72 C.J.S., Process, § 82, p. 1122; 42 Am.Jur., sec. 152, p. 131; however, many variable factors have developed with no pronounced trend. Annotation, 20 A.L.R.2d 163. In Idaho, by statute, immunity is granted where the civil action arises out of the same facts as the criminal proceedings. Section 19–4524, I.C. Our public policy in this respect as declared by statute is only mentioned to indicate that it is not in harmony with the views expressed in a majority of the jurisdictions.

Idaho declared its public policy with respect to the immunity of a nonresident plaintiff in 1895. In the case of Guynn v. McDaneld, 4 Idaho 605, 43 P. 74, 95 Am.St. Rep. 158, this court refused to follow the majority rule as to the immunity of a nonresident plaintiff and, in so doing, rejected the reason for the majority rule, that is, "Public policy, the due administration of justice, and protection to parties * * * alike demand it."

Seldom, if ever, would the attendance of a nonresident suitor, be he plaintiff or defendant, be so distracted by the service of process that the due administration of justice would be impaired; if it would distract either, it might be reasoned with equal force and logic that it would also distract a resident suitor when served when attending court in the state but outside the county of his residence. It has never been felt necessary to exempt such resident suitors from service of process in another action. In such instances it is regarded essentially a question of venue rather than immunity.

There is no more force to the reasons advanced for protecting a nonresident defendant from service of process in another action than would equally apply to a nonresident plaintiff; the reasons given for such immunity under the prevailing rule is based upon the theory that otherwise the due administration of justice is obstructed, and interference with the attention and attendance of a party to the suit then on trial would be distracting. Whichever rule is adopted should be applied indiscriminately to all suitors as there is no sound distinction under the reason for the rule for placing a nonresident plaintiff on any different basis than a nonresident defendant in this respect; the doctrine of immunity should permit of no discrimination, hence whatever rule is adopted should be applied equally to both; the due administration of justice requires that a nonresident plaintiff should be protected in making a full presentation of his case to the same extent as a nonresident defendant should be protect-

ed; this state has earlier adopted the rule that no such immunity is available to a nonresident plaintiff; for the same reason we deny the immunity to a nonresident defendant.

The order quashing service of summons is hereby set aside in each of the two cases above identified, with instructions to the court below to allow the defendant such reasonable time to answer or otherwise plead as may be deemed meet and proper. Costs to petitioners.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.