Anna Wyatt GLAZE, Plaintiff-Respondent,

v.

Ralph Bennett GLAZE, Defendant-Appellant.

No. 7671.

Springfield Court of Appeals.

Missouri.

March 25, 1958.

Stemmons & Stemmons, Mt. Vernon, for defendant-appellant.

Frieze & Crandall, Carthage, for plaintiff-respondent.

STONE, Presiding Judge.

■ In this suit for separate maintenance, defendant appeals from the order awarding to plaintiff "alimony" (maintenance) pendente lite of $100 per month and an attorney's fee of $150. Such order was a "final judgment," from which defendant's timely appeal lies. Section 512.-020; Mcredith v. Meredith, Mo.App., 151 S.W.2d 536, 538(3); State ex rel. Nelson v. Williams, Mo.App., 249 S.W.2d 506, 512 (8). Consult also State ex rel. Childers v. Kirby, Mo.App., 256 S.W. 546, 547(2). (All statutory references herein are to RSMo 1949, V.A.M.S.) The sole error assigned is "that the Circuit Court of Jasper County did not have jurisdiction over the person of the defendant * * * in that defendant, a resident of Lawrence County, Missouri, was served with civil process * * * while in attendance *of* the Magistrate Court of Jasper County, Missouri, on a (criminal) non-support charge also instigated by plaintiff herein and that the aforesaid actions constitute a legal fraud on the defendant."

Plaintiff and defendant were married on July 18, 1923, in Jasper County, Missouri. Of that union, five children were born, four of whom are living and have attained their majority. At the time of the hearing on her "Motion for Alimony Pending Trial," plaintiff was residing with an unmarried daughter at Carthage in Jasper County. Defendant then was residing at Aurora in Lawrence County, which adjoins

Jasper County. Plaintiff's testimony showed that defendant had left the family home about February, 1955, and that, prior to institution of this civil action on November 28, 1956, she had received no "support" from defendant since his "last check" (for a sum not disclosed by the record) in August, 1956.

■ On October 11, 1956, plaintiff consulted Honorable R. A. Esterly, an assistant prosecuting attorney of Jasper County, and "signed a complaint in regard to nonsupport by her·husband." Esterly "questioned her at some length" and delayed the filing of an information for "several weeks"— "until I had a chance to look into it." After he had "rechecked" with plaintiff who "asserted that she was still receiving nothing," Esterly filed in the Magistrate Court of Jasper County on November 6, 1956, an information charging defendant with the criminal offense of nonsupport. Section 559.350, as amended Laws of 1953, p. 424. The record before us does not reveal whether a warrant was issued for defendant's arrest [Section 543.050], whether defendant was taken into custody, or whether he entered into a recognizance [Sections 543.120 and 543.130]; but, in the absence of any evidence on these matters, we indulge the presumption that the officials faithfully tracked the statutory procedure and properly performed their statutory duties. State v. Pogue, Mo.App., 282 S.W. 2d 582, 585(2), and cases there collected. See also State v. Krout, Mo., 282 S.W.2d 529, 531; State ex rel. and to Use of City of St. Louis v. Priest, 348 Mo. 37, 152 S.W. 2d 109, 112(5); State ex rel. Missouri State Life Ins. Co. v. Hall, 330 Mo. 1107, 52 S. W.2d 174, 178(8).

In any event, the criminal case was set for November 26, 1956, but was continued by agreement of counsel to November 29th. On the latter date, defendant appeared personally in magistrate court, waived formal arraignment, and entered a plea of not guilty. At the conclusion of a contested trial in which both defendant and his wife

(plaintiff herein) testified, the court (sitting as a jury) found defendant guilty as charged and assessed his punishment at a fine of $10 and costs. Immediately thereafter, defendant and his attorney went into the adjacent office of the magistrate clerk; and, while his attorney was engaged in preparing a notice of appeal, defendant (who had been "released without bond upon his appeal") was served by a deputy sheriff with summons in this civil suit for separate maintenance, which had been instituted the previous day, to-wit, on November 28, 1956. In due time, defendant filed in the civil suit his "Motion To Quash Summons and Return of Service, or To Dismiss" in which he then asserted in substance, as he now does on appeal, that the circuit court acquired no jurisdiction over his person in the civil suit because he was served with summons herein while attending the Magistrate Court of Jasper County, where he "was compelled to and did appear" in defense of the criminal prosecution for nonsupport which his wife (plaintiff herein) "instigated and caused" to be brought. Following a hearing at which plaintiff, the assistant prosecuting attorney, the magistrate judge, the magistrate clerk and the deputy sheriff (but not defendant) testified, defendant's motion to quash was overruled; and, after yet another hearing, the order for temporary maintenance and attorneys' fee (from which defendant appeals) was entered.

The narrow question on which this appeal turns, i. e., whether defendant was immune from service of *civil* process while attending the magistrate court in defense of the *criminal* case, relates to a subject on which the cumulative writing of common-law courts would fill unnumbered volumes, and concerning which there is such diversity of judicial opinion in the various jurisdictions that some holding or dictum may be found to support practically any contention advanced. See Netograph Mfg. Co. v. Scrugham, 197 N.Y. 377, 90 N.E. 962, 27 L.R.A.,N.S., 333; State ex rel. Alexander-Coplin & Co. v. Superior Court for King County, 186 Wash. 354, 57 P.2d 1262, 1263; annotation 20 A.L.R.2d 163, 166–169; 1951 W.L.Q. 427, 431. In fact, the courts and text writers are not even in agreement *as to whether the general weight of judicial authority supports or denies* the immunity of a non-resident defendant in a *criminal* case from service of *civil* process while attending court in defense of the criminal proceeding. As suggesting that the general weight of authority *supports* such exemption, see Tipton v. District Court of Fifth Judicial Dist., 74 Idaho 65, 256 P.2d 787, 789, and 72 C.J.S. Process, § 82, p. 1121. For contrary suggestions that the general weight of authority *denies* such exemption, see Wood v. Boyle, 177 Pa. 620, 35 A. 853, 854, and Husby v. Emmons, 148 Wash. 333, 268 P. 886, 888, 59 A.L.R. 46. In short, the authorities are in hopeless confusion and conflict on this subject, with many well-reasoned decisions on each side of the question. 42 Am.Jur., Process, § 152, pp. 131–132.

The rule, recognized in most jurisdictions, that suitors and witnesses in *civil* actions while in good faith attending court in connection with the conduct of one suit are immune from service of process in another is founded upon the convenience of the court itself and not of the individuals to whom the immunity is granted [42 Am. Jur., Process, § 139, loc. cit. 120; 72 C.J.S. Process, § 80 d, loc. cit. 1118], and the rule "proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation." Lamb v. Schmitt, 285 U.S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720, 722. Since such immunity from service of civil process is not a natural right but is a privilege granted in derogation of the natural right which every creditor has to subject his debtor to

due process of law in any jurisdiction where the debtor may be found, the privilege should not be extended beyond the reason of the rule upon which it rests. Netograph Mfg. Co. v. Scrugham, supra, 90 N.E. loc. cit. 963; Crusco v. Strunk Steel Co., 365 Pa. 326, 74 A.2d 142, 143(2–4), 20 A.L.R.2d 160, 162; Anderson v. Atkins, 161 Tenn. 137, 29 S.W.2d 248. And, leading cases denying the immunity of a non-resident defendant in a *criminal* case from service of *civil* process logically point out that the reason of the rule of immunity, i. e., to expedite the administration of justice by encouraging *voluntary* attendance on courts, fails when a non-resident defendant in a criminal case is brought into the jurisdiction of a court by arrest or under compulsion of law, for such defendant does nothing to encourage or promote voluntary submission in judicial proceedings but comes because he cannot do otherwise. Ryan v. Ebecke, 102 Conn. 12, 128 A. 14, 40 A.L.R. 88; Broaddus v. Partrick, 177 Tenn. 335, 149 S.W.2d 71; Ex parte Hendersen, 27 N.D. 155, 145 N.W. 574, 51 L.R.A.,N.S., 328; 42 Am.Jur., Process, § 152, loc. cit. 132.

■ Even as to the immunity of suitors and witnesses in *civil* actions from service of *civil* process, our Missouri courts do not follow the broad majority rule recognizing and supporting such immunity upon a mere showing of good faith attendance at court [Mertens v. McMahon, 334 Mo. 175, 184–185, 66 S.W.2d 127, 131, 93 A.L.R. 1285; Hardie v. Bryson, D.C.Mo., 44 F.Supp. 67, 70; 72 C.J.S., Process, § 80 a(2), pp. 1114–1115], the rationale of the Missouri dissent being that "this privilege at common law extended only so far as to discharge from arrest, *when arrested on civil process,* and did not abate the suit" [Christian v. Williams, 111 Mo. 429, 436–437, 20 S.W. 96, 97], and that, "(s)ince physical arrest of the person is no longer made in civil cases in this state, the ancient reason for the rule that suitors and witnesses shall not be *arrested* while attending court, as tending to interfere with the due adminis-

tration of justice, no longer exists." Mertens v. McMahon, supra, 334 Mo. loc. cit. 185, 66 S.W.2d loc. cit. 131. The consonant holding in Missouri cases dealing with the question as to whether a non-resident defendant in a *criminal* case is immune from service of *civil* process has been that such non-resident defendant is clothed with no such immunity simply by reason of his appearance in response to a criminal charge. Consult Pfeiffer v. Schee, Mo.App., 107 S.W.2d 170, 173(3); Ex parte Noell, 220 Mo.App. 702, 707, 293 S.W. 488, 491(4); Morris v. Dowell, Mo.App., 205 S.W. 229. True, it was well settled long ago that "(n)o court should sanction any attempt to bring a party within its jurisdiction by fraud and misrepresentation" [Marsh's Adm'r. v. Bast, 41 Mo. 493, 496; Capital City Bank v. Knox, 47 Mo. 333, 334]; and the appellate courts of this state have condemned consistently *any abuse of process; whether civil or criminal,* when it has been employed fraudulently to procure appearance in another jurisdiction or as a deceptive device or ensnaring instrumentality to entice or inveigle the unsuspecting and unwary. E. g., see Mertens v. McMahon, supra, and Groce v. Skelton, 206 Mo.App. 471, 230 S.W. 329, involving abuses of *civil* process, and Byler v. Jones, 79 Mo. 261, and Bowman v. Neblett, Mo.App., 24 S.W.2d 697, involving abuses of *criminal* process. But, as the Pfeiffer, Noell and Morris cases, supra, adequately demonstrate and establish, the Missouri rule is that service of *civil* process upon a non-resident defendant in a *criminal* case is not forbidden and will not be quashed, unless fraud or deceit has been practiced to procure the defendant's presence in a jurisdiction other than that of his residence.

■ We are mindful that, in cases involving the validity of service of process as in other actions, "(f)raud is rarely * susceptible of positive proof, for the obvious reason that it does not cry aloud in the streets, nor proclaim its iniquitous purposes from the housetops" [Massey v. Young, 73 Mo. 260, 273; Howard v. Zwei-

gart, Mo., 197 S.W. 46, 50; Parish v. Casner, Mo., 282 S.W. 392, 409], and that fraud may be established by a showing of facts and circumstances from which it reasonably and fairly may be inferred. St. Francis Mill Co. v. Sugg, 206 Mo. 148, 155, 104 S. W. 45, 47; Hunter v. Roberts, Mo.App., 267 S.W.2d 368, 372; Copeland v. American Cent. Ins. Co., 191 Mo.App. 435, 452, 177 S.W. 820, 825. But, it is equally true that, "(h)owever abhorrent fraud is, and however astute courts are to detect it in its shade and concealment and snatch away its fruits" [Zehnder v. Stark, 248 Mo. 39, 50, 154 S.W. 92, 94], a finding of fraud must rest on something more substantial than suspicion, surmise and speculation [Tobin v. Wood, Mo., 159 S.W.2d 287, 290(5, 6); Cummings v. Parker, 250 Mo. 427, 439, 157 S.W. 629, 633], for the "precept·is that one is not permitted to give weight to smoke, and suspicion is but smoke." Troll v. Spencer, 238 Mo. 81, 101, 141 S.W. 855, 861(9); Ellis v. Farmer, Mo., 287 S.W.2d 840, 851 (10). Furthermore, the general rule is that he who asserts fraud has the burden of making it manifest [Orlann v. Laederich, 338 Mo. 783, 790, 92 S.W.2d 190, 194(6); Shannon v. Crabtree, Mo., 71 S.W.2d 709, 711(4); Hardwicke v. Hamilton, 121 Mo. 465, 473, 26 S.W. 342, 344]; and, "if in the pursuit of fraud, two judicial views are open on the facts, one in favor of honesty, the other contra, the law (an invention of men for their welfare) but agrees with human nature in saying we must take the nobler view." Troll v. City of St. Louis, 257 Mo. 626, 656, 168 S.W. 167, 174. To the same effect, see Powers v. Shore, Mo., 248 S.W.2d 1, 5(3, 4); Lowther v. Hays, Mo., 225 S.W.2d 708, 713(4–6); Aslin v. Stoddard County, 341 Mo. 138, 147, 106 S.W.2d 472, 477(9); Moberly v. Watson, 340 Mo. 820, 827, 102 S.W.2d 886, 889(7); Duvall v. Stokes, Mo.App., 270 S.W.2d 419, 423(3). So it is that where, as in the case at bar, the question is whether service of process has been obtained by fraud or deceit, honesty of intent and purpose should be presumed unless the facts and circumstances are such "as to satisfy

the mind" to the contrary. Guzzetta v. Guzzetta, Ohio App., 137 N.E.2d 419, 421– 422; Crandall v. Trowbridge, 170 Iowa 155, 150 N.W. 669, 670(4); 42 Am.Jur., Process, § 36, p. 33.

■ The plain substance and necessary import of defendant's argument on this appeal is that the mere showing that plaintiff on October 11, 1956, made the complaint which "set in motion" the criminal prosecution and that she thereafter instituted this civil action on November 28, 1956, *compels, as a matter of law,* a finding that service of process was obtained herein by legal fraud. We do not agree. Martin v. Woodhall, 24 Jones & S. 439, 4 N.Y.S. 539, 541; Rutledge v. Krauss, 73 N.J.L. 397, 63 A. 988, 990; 42 Am.Jur., Process, § 35, loc. cit. 33. See again Morris v. Dowell, supra. The only *direct* evidence concerning plaintiff's intent and purpose in complaining to the assistant prosecuting attorney was the testimony of plaintiff, herself: "I merely wanted him brought back on the one (criminal) charge because he wasn't supporting me * * * never thought anything about this (civil) case." There is no suggestion that the assistant prosecuting attorney with whom plaintiff conferred on October 11, 1956, evidenced any interest in or even had any prior knowledge of institution of this civil suit on November 28, 1956; and, more importantly and significantly as we think, the record does not indicate when plaintiff employed her attorneys of record herein or consulted with any attorney concerning the subject-matter of this action.

■ We need not and do not determine whether the evidence in this case would have permitted a finding that defendant's appearance in Jasper County was procured by fraud or deceit. Certainly, the evidence, viewed in the light most favorable to defendant, did no more than raise an issue of fact as to that [Allen v. Betterly, 258 App.Div. 907, 16 N.Y.S.2d 318; 72 C.J.S. Process, § 39, loc. cit. 1050], which the trial court resolved in favor of plaintiff by his general finding for her. Section 510.310

(2) ; Beckemeier v. Baessler, Mo., 270 S. W.2d 782, 786(3) ; Gover v. Cleveland, Mo. App., 299 S.W.2d 239, 244(15). Mindful of the statutory injunction that our appellate review must be with due regard to the opportunity of the trial court to judge of the credibility of the witnesses and that the judgment nisi should not be set aside unless it is clearly erroneous [Section 510.310(4) ; Staples v. O'Reilly, Mo.App., 288 S.W.2d 670, 677(15, 16) and cases there cited], we are not inclined, upon the record presented, to disturb the order of the capable trial judge. Accordingly, such order is affirmed.

McDOWELL and RUARK, JJ., concur.