### WEALE *v.* CLINTON CIRCUIT JUDGE.

Action—Commencement—Arrest on Civil Process—Privilege.
  A prisoner brought from another State on a criminal charge is exempt from arrest on civil process until after a reasonable opportunity for his return.

Mandamus by George E. Weale to compel Kelly S. Searl, circuit judge of Clinton county, to vacate an order quashing *capias ad respondendum* proceedings. Submitted October 12, 1909. (Calendar No. 23,567.) Writ denied November 5, 1909.

*William M. Smith,* for relator.

*Walbridge & Kelley,* for respondent.

Hooker, J.   Teeter was arrested and returned to

Michigan from Washington, where he claims to have then resided, upon a requisition issued upon complaint of his wife for nonsupport under the statute. At the time of his arrest he was living adulterously with Weale's wife. While confined in jail, at St. Johns, Mich., upon the charge mentioned Weale began an action against him for damages for alienating his (Weale's) wife's affections, and the *capias* was served upon Teeter while he was confined in jail. Later a *nolle prosequi* was filed in the criminal cause, and the proceedings in the criminal action were dismissed, and Teeter discharged. Afterwards, and on the same day, Weale discontinued the *capias* case, and later, but on the same day, he filed a new affidavit for and caused a new *capias* to be issued and served on Teeter while at large. Thereupon a motion was made to quash the writ and discharge the defendant therein, upon the ground that he was privileged from arrest, for the reason that he was involuntarily in this State, under the circumstances stated, and that he had had no opportunity to leave the State after his discharge from custody prior to his arrest upon the *capias*. The motion was granted, and the court having refused to vacate the order and reinstate the *capias* case, application has been made to us for a mandamus to compel it. The return practically admits the foregoing statement of fact.

The only question properly before us is whether the laws of this State made Teeter privileged from arrest under the circumstances stated. Counsel for respondent rely upon the case of *Lascelles* v. *Georgia*, 148 U. S. 537 (13 Sup. Ct. 687). That was a case involving no civil arrest; Lascelles, a resident of New York, having been brought into Georgia by requisition on charges of being a common cheat "and larceny after trust delegated," both being criminal offenses under Georgia laws. While proceedings on both charges were pending, the grand jury found an indictment against him for forgery. His counsel moved to quash this indictment, on the ground that he was involuntarily in Georgia in attendance upon judicial proceed-

ings, and not subject to arrest on another charge without being first allowed reasonable opportunity to return to New York.  See, also, *In re Little,* 129 Mich. 454 (89 N. W. 38, 57 L. R. A. 295), where a discussion of this subject will be found.  Both that and the *Lascelles Case* are distinguishable from the present controversy, which is clearly within the principle of the following Michigan cases: *People* v. *Judge of the Superior Court of Detroit,* 40 Mich. 729; *In re Cannon,* 47 Mich. 481 (11 N. W. 280); *People* v. *White,* 53 Mich. 537 (19 N. W. 174); *Hoffman* v. *Bay Circuit Judge,* 113 Mich. 109 (71 N. W. 480, 38 L. R. A. 663, 67 Am. St. Rep. 458).  The subject is discussed and the same rule recognized in *Monroe* v. *St. Clair Circuit Judge,* 125 Mich. 283 (84 N. W. 305, 52 L. R. A. 189).

The writ is denied.

BLAIR, C. J., and MOORE, McALVAY, and BROOKE, JJ., concurred.