241 P.2d 359

**Ex parte DODD.**

No. 7859.

Supreme Court of Idaho.

Feb. 27, 1952.

------◆------

Rayborn & Rayborn, and Douglas Kramer, all of Twin Falls, for petitioner.

Max G. Lloyd, Prosecuting Atty., Twin Falls, for respondent.

KEETON, Justice.

On February 2, 1952, petitioner filed in this Court an original petition for a writ of habeas corpus, claiming that he was unlawfully imprisoned by Jesse E. Carlton, sheriff of Twin Falls County. The writ issued, and was served on the sheriff on the date of issue (Feb. 2).

The sheriff made a return and alleged that he had held the petitioner pursuant to a judgment of the Honorable Hugh A. Baker, district judge, dated January 31, 1952, by the terms of which petitioner had been adjudged in contempt of court in that he had violated the provisions of a district court order dated April 14, 1951, hereinafter more specifically referred to.

Pursuant to the citation in the contempt proceedings, the petitioner appeared specially and moved to set the service aside and to quash the same for the reason that "the said service was made upon the said Calahill S. Dodd at a time when he had been brought into this state on extradition based on a criminal charge, and that the subject of the said proceedings arises out of the same facts and the same act as those in the criminal proceedings; * * * ". The motion to quash the service was supported by his affidavit which alleged that when he was in the district courtroom in answer to a criminal charge on which he had been arrested and brought into the state from South Dakota by the sheriff of Twin Falls County, and pursuant to the bond which he had given for his appearance, that he was privileged from service of process; that the contempt proceedings could not be served and prosecuted against him while he was in the state against his will and without his consent to answer the criminal charge. This motion was denied. Petitioner, in the contempt proceedings, declined to answer further, and was adjudged in contempt of court.

The facts preceding the contempt citation may be summarized as follows: Petitioner was formerly the husband of Mary Lou Dodd. They were divorced on the 2nd of April, 1951. A child the issue of the marriage, Susan Marie, of the age of nine months, was first awarded to the plaintiff, petitioner here. The petitioner, for reasons not entirely clear, was unable to obtain possession of the child.

In a subsequent proceeding dated April 14, 1951, an order was made by the Hon-

orable D. H. Sutphen " * * * that the said Calahill S. Dodd is hereby restrained from taking possession of said minor child and from interfering with the care and custody of said minor by the said Clyde Pryor and Doris Pryor * * *."

Petitioner, on the 30th day of September, 1951, while this order was apparently in effect, took the child from the custody of the Pryors, by what means does not appear, and immediately departed for the state of South Dakota. Thereafter, a criminal complaint was filed against him in Twin Falls County, charging kidnaping. He was extradited from the state of South Dakota to answer the charge, held for trial, gave a bond in the sum of $2500 for his appearance, was released from custody, and returned to South Dakota. On January 7, 1952, he was in the district courtrooms of Twin Falls county for arraignment, and to answer the kidnaping charge. While there, he was served with the order to show cause why he should not be punished for contempt of court.

As before stated, the petitioner refused to answer the contempt charge except by a special appearance and motion to quash the service. After a hearing in the matter in which the petitioner refused to take part, the court entered the following judgment:

"It is the judgment of the Court that the said Calahill S. Dodd is guilty of a contempt of Court in his act of removing the said child from the custody of Doris Pryor and from the State of Idaho on September 30, 1951; and that he be and he is hereby fined in the sum of $300.00 and that he be imprisoned in the County jail of this County for the period of five days; that he also pay the costs incurred in these contempt proceedings and that if the fine and costs be not paid, the same be served out in the County jail in this County in addition to the jail sentence at the rate of $2.00 for each day of twenty-four hours. That he be remanded to the custody of the Sheriff of this County in execution of that sentence.

"It is further ordered, however, that if said Calahill S. Dodd at any time within the period of two weeks, restore the said child to the custody of Doris Pryor, that action will purge him of the contempt of Court. If he desires a stay of execution for the period of two weeks, or rather until Friday, February 15, the stay will be granted upon execution by him of bail bond in the sum of $1500.00 conditioned for his personal appearance in Court on Friday, February 15, 1952, and that the return of the child to the State of Idaho and to the custody of Mrs. Pryor will purge him of the contempt adjudged against him."

The matter in controversy has been argued to this Court on broad grounds, and sundry and numerous contentions have been advanced as to why the prisoner should be released from custody. Some of the matters so argued would be reviewable only on appeal or writ of review and cannot be determined in a habeas corpus proceedings.

There were two propositions advanced, the answers to which we conclude are decisive of the matter.

After the serving of the writ of habeas corpus on the sheriff he alleged in his return that pursuant to an order of the Honorable Hugh A. Baker, district judge, dated February 5, 1952, he released the prisoner from custody and therefore it is impossible for him to bring him before this Court, and that this Court has no further jurisdiction.

This Court having acquired jurisdiction of the prisoner by the issuing of the writ of habeas corpus, a subsequent order made in the district court releasing the prisoner from custody does not oust this court of jurisdiction.

When the writ issued from this Court requiring the sheriff to produce the prisoner then in his custody, and still in his custody when the writ was served, no valid order could be thereafter entered in the original proceedings in the district court that would oust this court of jurisdiction to hear and determine the controversy. 29 C.J. 154, § 171; 39 C.J.S., Habeas Corpus, § 87, p. 650; Pomeroy v. Lappeus, 9 Or. 363; Ex parte Kearby, 35 Tex.Crim.R. 634, 34 S.W. 962; Whittle v. Jones, 198 Ga. 538, 32 S.E.2d 94; Truman v. Hann, 154 Neb. 501, 48 N.W.2d 418; State ex rel. Wester v. Caldwell, 84 Okl.Cr. 334, 181 P.2d 843.

We conclude that having acquired jurisdiction of the prisoner, from the time of the service on the sheriff, he held the prisoner by virtue of the writ of habeas corpus which has paramount authority over all other writs.

The criminal complaint under which petitioner was extradited from the state of South Dakota and later informed against in the district court charges that " * * * on or about the 30th day of September, 1951, * * * in the county of Twin Falls, * * * did then and there unlawfully, * * * and without authority * * * carry away, detain, keep and conceal * * * one Susan Marie Dodd * * *."

In the contempt proceedings, which terminated in the imprisonment of the petitioner, he was charged with the same unlawful acts as follows: " * * * on the 30th day of September, 1951 * * * Calahill S. Dodd took the said Susan Marie * * * without permission * * * and has ever since said 30th day of September, 1951, refused and neglected to return said Susan Marie Dodd * * *".

The contempt proceedings were instituted and pursued against the petitioner in the trial court as civil in nature, that is, the persons interested pursued the civil remedy and it was treated as a civil action and the order to show cause in the contempt proceedings was process arising out of the same facts as the criminal proceedings then pending against the petitioner and to answer which he had been extradited. 12 Am. Jur. 392, § 6; 17 C.J.S., Contempt, § 6, P.

8; Smith v. Smith, 81 W.Va. 761, 95 S.E. 199, 8 A.L.R. 1149.

We quote from the Idaho Statute, Sec. 19-4524, I.C.:

"A person brought into this state on extradition based on a criminal charge, shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceeding to answer which he is returned, until he has been convicted in the criminal proceeding, or if acquitted, until he has had ample opportunity to return to the state from which he was extradited."

and 22 Am.Jur. 301, § 61:

"In general, a fugitive from justice whose return to the state whence he fled has been procured by extradition proceedings based on a criminal charge cannot be arrested on civil process while within the state by virtue of such extradition and before he has had any opportunity to depart therefrom."

See also Weale v. Clinton Circuit Judge, 158 Mich. 563, 123 N.W. 31.

 We conclude that the petitioner was privileged and immune from such service while in this state by a process of extradition to answer a criminal charge growing out of the same transaction on which the civil contempt proceedings were based; that the motion to quash the service should have been sustained; that the court exceeded its jurisdiction for the reason the court had no jurisdiction of the person; that there is no plain, speedy or adequate remedy at law, and the sheriff to whom the writ of habeas corpus was directed is ordered to immediately release the prisoner. Sec. 19-4524 I.C.; 22 Am.Jur. 301, Sec. 61; Murray v. Wilcox, 122 Iowa 188, 97 N.W. 1087, 64 L.R.A. 534; Moletor v. Sinnen, 76 Wis. 308, 44 N.W. 1099, 7 L.R.A. 817; 42 Am. Jur. 133, § 153. For collection and review of cases supporting the rule applicable here, see 14 A.L.R. 778, and 40 A.L.R. 93.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.