STATE of Missouri ex rel. John STIPEC, Jr., Relator,

v.

Hon. Oswald P. OWEN, Judge of the Circuit Court of the City of St. Louis, Division No. 16, Respondent.

No. 29030.

St. Louis Court of Appeals. Missouri.

Oct. 19, 1954.

Harry Gershenson, St. Louis, for relator.

Byron E. Roche, St. Louis, for respondent.

WOLFE, Commissioner.

This is an original proceeding in prohibition wherein relator, John Stipec, Jr., defendant in the divorce case of Blanche Stipec v. John Stipec, Jr. now pending in Division No. 16 of the Circuit Court of the City of St. Louis before respondent, Hon. Oswald P. Owen, Judge of said court, seeks to have respondent prohibited from further proceeding in said cause. Upon the filing of respondent's return relator filed a motion for judgment on the pleadings. Consequently we take as true the undenied facts well pleaded in the petition and return, State ex rel. Drainage Dist. No. 8 of Pemiscot County v. Duncan, 334 Mo. 733, 68 S.W.2d 679, from which the following appears: Blanche Stipec filed a divorce suit against John Stipec, Jr. and secured service by publication on the ground of nonresidence. On June 9, 1952, after the filing of proof of publication, a default and inquiry was granted to plaintiff. On June 26, 1952, the cause, then on the trial docket, was passed. In July, 1952, a summons was ordered to issue for defendant directed to the sheriff of St. Louis County, but this summons was not served. Many months passed without any effort to bring the case to trial, and finally the cause was set for hearing on the dismissal docket on April 9, 1953. On oral motion of plaintiff's attorney the cause was removed from the dismissal docket, to be reset on May 4, 1953. On the latter date the record shows that plaintiff appeared in person and by attorney and with two witnesses before Judge Robert J. Kirkwood, who was then sitting in Division No. 16. The record entry of that date follows: "Cause partially heard and passed to May 13, 1953." When Blanche Stipec appeared before Judge Kirkwood on May 4, 1953, the judge asked her if she knew the whereabouts of John Stipec, Jr. After receiving a negative reply the judge ordered subpoenas to issue for certain members of relator's family residing in the City of St. Louis. Following service of the subpoenas relator's sister advised the court of relator's address in the State of Texas. After obtaining relator's address from his sister plaintiff made a complaint to the Prosecuting Attorney of the City of St. Louis alleging that relator had not supported plaintiff or their minor child since

leaving the State of Missouri. The prosecuting attorney then ordered relator's arrest and extradition. On May 13, 1953, the divorce hearing was passed to June 15, 1953. On May 25, 1953, a pluries summons was ordered to issue for defendant directed to the sheriff of the City of St. Louis. On the following day, May 26, 1953, the summons was issued as directed.

Upon relator's extradition from Texas, while relator was free on bond in the State of Missouri awaiting trial on the charge of nonsupport, and on May 27, 1953, relator was personally served with a copy of the petition and summons in the divorce case of Blanche Stipec v. John Stipec, Jr. On June 26, 1953, John Stipec, Jr. filed a motion in the divorce suit in the nature of a motion to quash the return of service or in the alternative a plea to the jurisdiction of the court. This motion was heard and overruled. On July 15, 1953, plaintiff filed a motion for alimony pendente lite and suit money. Subsequently relator was tried in the St. Louis Court of Criminal Correction on the charge of nonsupport. Upon relator's promise to contribute to the support of his minor child and upon the payment of the costs expended by the State of Missouri for returning him to St. Louis from Port Arthur, Texas, the case was transferred to the parole officer of the court and relator was placed on parole for a period of one year. When the motion for alimony pendente lite in the divorce suit was docketed to be heard relator filed the present proceedings in prohibition.

■ There is no disputed issue of fact presented and where the jurisdiction of the circuit court depends upon conceded facts the question of its jurisdiction then becomes one of law which this court may determine in a prohibition proceeding. State ex rel. Addison v. Bowron, 335 Mo. 1052, 75 S.W.2d 850; State ex rel. Uthoff v. Russell, Mo.App., 210 S.W.2d 1017.

Relator challenges the validity of the personal service of process in the divorce case, on the ground that the service was a legal fraud, an abuse of the criminal process, against public policy and void as a matter of law. Asserting that he is a nonresident, involuntarily brought into this state by extradition process based upon a criminal warrant, relator claims that he was entitled to full protection against all forms of service of process in civil cases during the continuance of the criminal prosecution.

■ Although the relator was brought into this state by extradition no federal question is presented as he was held on the extradition process only until such time as he reached the jurisdiction of Missouri and thereafter he was held under the process of the state court. Ex parte Moyer, 12 Idaho 250, 85 P. 897, loc. cit. 899, 12 L.R.A., N.S., 227; Moyer v. Nichols, 203 U.S. 221, 27 S.Ct. 121, 51 L.Ed. 160.

At the time of the service in the divorce case Missouri had no effective statute covering the situation so a determination of the matter rests upon the common-law rule then in force. The subject is discussed in 35 C.J.S., Extradition, § 21, p. 349, wherein it is said:

"In some jurisdictions, sometimes under statute, one accused of crime who has been brought within the state by requisition proceedings cannot, until he has been given a reasonable opportunity to depart therefrom, be served with civil process or arrested thereon; but there is other substantial authority to the contrary."

We have not been cited to, nor does search reveal, any Missouri case dealing with a party being served with civil process while within the state by reason of extradition. There are, however, cases from other jurisdictions which pass clearly upon the point. In Caldwell v. Dodge, 179 Ark. 235, 15 S.W.2d 318, the Supreme Court of Arkansas held that a nonresident of the state there under arrest was afforded protection against all forms of civil process for a reasonable period of time. This is a broader protection than accorded in other states. The cases cited in support of the

above quoted statement from 35 C.J.S., § 21 as "substantial authority to the contrary" are Nichols, Shepard & Co. v. Goodheart, 5 Ill.App. 574, and Reid v. Ham, 54 Minn. 305, 56 N.W. 35, 21 L.R.A. 232. While these cases hold that the extradited party was not exempt from the service of the particular civil process in question, both cases point out that the criminal action was not instituted by the plaintiff in the civil suit nor did it arise out of the same facts as the criminal proceeding. Here we have a different situation, for the civil and criminal actions are closely related.

■ There was enacted by the 67th General Assembly of Missouri, Section 548.251, R.S.Mo 1949, V.A.M.S., which is as follows:

"A person brought into this state by, or after waiver of, extradition based on a criminal charge shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceedings to answer which he is being or has been returned, until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited."

This was not effective on the date the summons was served on the relator, but it appears to be a statutory enactment of the well reasoned case law as it then stood. To hold otherwise invites an abuse of criminal process and permits one to be improperly subjected to a civil suit far from his place of residence. Adamy v. Parkhurst, 6 Cir., 61 F.2d 517; Kaufman v. Garner, C.C., 173 F. 550.

The service had upon the relator was consequently void and the circuit court was without jurisdiction to hear the motion for alimony pendente lite based upon such void service.

It is therefore the recommendation of the Commissioner that the preliminary rule be made absolute.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The preliminary rule is accordingly made absolute.

ANDERSON, P. J., BENNICK, J., and NOAH WEINSTEIN, Special Judge, concur.