## CANGIALOSI v. CANGIALOSI.

### No. 59-1004-E.

Circuit Court, Duval County.

September 9, 1959.

Mahon & Stratford, Jacksonville, for plaintiff.

Harry H. Martin, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

Plaintiff filed her complaint herein April 3, 1959, alleging a cause of action pursuant to which summons in chancery was issued and was subsequently served upon defendant in person on April 7, 1959. Thereafter, on April 10, 1959, upon the sworn petition of

plaintiff alleging that defendant intended to leave the jurisdiction of this court and the state of Florida in order to avoid the payment of any sums ordered to be paid by this court, this court entered an order for a writ of ne exeat and fixed a bond in the amount of $2,500. The appropriate writ was issued by the clerk on the same date, but before the same could be served, defendant fled the state of Florida and concealed his whereabouts from plaintiff, although plaintiff continued to receive small weekly payments which were forwarded by defendant to his former employer and delivered in person to plaintiff without disclosing defendant's whereabouts.

Thereafter, upon a proper showing before this court, this court directed the sheriff to return the writ of ne exeat issued April 10, 1959 "unexecuted" and ordered a new writ issued fixing a bond at $5,000 by order dated May 13, 1959.

Thereafter, it was ascertained that defendant was employed at Gould Motor Company in Brunswick, Georgia, in which state he was arrested on a charge of bigamy, instituted by plaintiff in Duval County, Florida. Following that arrest, defendant was released on bond in Georgia and vigorously contested his extradition to Florida, which extradition was accomplished, and defendant was returned to the Duval County jail, where, on August 4, 1959, he was served with the second writ of ne exeat issued as aforesaid.

Defendant, through his counsel, Harry H. Martin, Esq., has filed a motion to quash the service of said writ of ne exeat upon him upon the grounds that he is now, and was, immune from the service of process by virtue of his return to Florida through extradition proceedings.

The court has considered defendant's contentions and finds that under the authority of section 941.25, Florida Statutes 1957, and the case of Ex parte Dodd, 241 Pac. 2d 359, the motion should be granted, and that defendant is immune from the service of the writ of ne exeat upon him under the circumstances herein outlined, notwithstanding the fact that this court already had jurisdiction of his person in this cause. The word "process," as used in section 941.25, apparently has in law a well-established legal meaning and is used to designate the writ or other jurisdictional means by which a defendant is brought into court to answer a charge or for the purpose of enforcing the orders and decrees of the court subsequent to the original process. See volume 34, Words and Phrases, pages 256-259.

It is accordingly ordered, adjudged and decreed that said motion to quash be, and the same is hereby, granted, and the service of the writ of ne exeat dated May 14, 1959, upon defendant, be, and the

same is hereby, quashed and set aside, without prejudice to plaintiff to require the re-service of said writ or other writs in the future under appropriate circumstances.