Mary Lee HENDERSON, Plaintiff, Appellant,

v.

C. A. HENDERSON and Bill Allen Chevrolet, Inc., Defendants, Respondents.

No. 23855.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1963.

J. Nelson Thompson, Kansas City, for appellant.

Roy F. Carter, Kansas City, for respondents.

SPERRY, Commissioner.

Plaintiff, Mary Lee Henderson, sued defendants, C. A. Henderson, a resident of Jackson County, Missouri, and Bill Allen Chevrolet, Inc., a corporation, hereafter referred to as Allen, having its place of business located in Clay County, Missouri. From an order by the Court dismissing the cause as to Allen, Plaintiff appeals.

Plaintiff filed in the Circuit Court of Jackson County, a pleading titled "Petition for Recission and Damages". Therein the above mentioned C. A. Henderson and Allen were named as defendants.

A summons to Henderson was issued on November 2nd, 1962. The return thereon shows diligent search from November 1st to December 2nd, 1962, and failure to find

said Henderson at 1906 East 36th St., Kansas City, Missouri, his named address. On November 2nd, 1962, summons was issued to Allen and the return shows service thereon in Clay County, Missouri, on November 7th, 1962, by the Sheriff of Clay County.

On December 6th, 1962, Allen filed motion to dismiss as to it on the grounds that it is not a resident of Jackson County; that no part of the transaction sued on occurred in that County; that Henderson had never been served with process; that he is a nominal party and was falsely and fraudulently named as a party in an attempt to give the Court jurisdiction of the pending action. The motion was supported by affidavit.

On December 13th, 1962, alias summons was issued to C. A. Henderson. The return was to the effect that the summons was served on Henderson December 13th, by leaving copy of it and the petition with a member of his family over 15 years of age, at defendants' dwelling or usual place of abode. Thereafter, Allen filed motion to quash the return to Henderson because the summons was served on *plaintiff* Henderson, not defendant Henderson. The motion was overruled and Allen was granted 15 days in which to plead.

On January 9th, 1963, summons was issued to C. A. Henderson. On the back thereof appears the following; "I, C. A. Henderson, hereby enter my appearance to the above action". It was signd "C. A. Henderson".

On January 14th, 1963, Allen filed supplemental motion to dismiss, alleging that when its original motion to dismiss was overruled, there was pending, and is now pending, Allen's motion to quash return to C. A. Henderson; that the summons was actually served on plaintiff.

At a hearing on the motion Deputy Sheriff Shuster testified, from Sheriff's records, to the effect that the first summons issued to Henderson was never served;

that an alias summons was served on him by delivery to Mary Lee Henderson, wife of C. A. Henderson, at 1510 East 14th Street. A deputy Circuit Clerk of Jackson County testified to the effect that on the back of a summons issued in this case to C. A. Henderson, there appears an entry of appearance typed in and the signature "C. A. Henderson" ; that plaintiff's attorney brought Henderson to the desk of witness; that an entry of appearance was already typed on the back of the summons; that C. A. Henderson signed same in the presence of witness and that witness then signed same and placed her Notarial seal on it.

At that time, the record discloses, a conversation occurred between the Court and Counsel for plaintiff. The Court told Counsel that Counsel himself had told the Court that he, Counsel, had nothing to do with Henderson coming to the Clerk's office and signing an entry of appearance. To this query Counsel stated that he did not bring Henderson in to the office; that he "happened" to be there when Henderson walked in; that a Clerk asked the attorney if he knew about the case and he told her that Henderson was a defendant in the case; that the Clerk asked the attorney if he could type up an entry; that he had been advised by plaintiff that Henderson would be in the Clerk's office at that time. The Court stated into the records as follows:

"In the first place, I don't know as that is an entry of appearance. It has a man's name and notary. There is no affidavit, and there is nothing else. This thing smacks of fraud, smacks of collusion. The only way you could put venue over here is by collusion, by a woman suing her husband, and you march yourself over in Clay County, if you want to file this lawsuit, and I think you can probably get Mr. Henderson over there to enter his appearance, but at least we will have the proper appearance and venue in the lawsuit.

"The motion to dismiss is sustained."

It was ordered and adjudged that plaintiff's petition as to Allen be dismissed. Thereafter, defendant Henderson filed answer.

We have set out, in detail, in chronological order, the various pleadings filed by Allen beginning with its first motion which challenged the jurisdiction of the Court to proceed as to it. Plaintiff contends, that by reason of its pleadings and conduct, Allen has conferred on the Court jurisdiction to proceed on the merits of the case. This contention must be overruled. Civil Rule 55.37, V.A.M.R.; State ex rel. Ballew v. Hawkins (Mo.App.) 361 S.W.2d 852, 858–859; Shall v. Henry, 7 Cir., 211 F.2d 226, 230–231.

Plaintiff urges that the Court erred in dismissing the action as to Allen on the grounds stated by the Court that the attempted service of process on plaintiff, and the action of plaintiff and of defendant Henderson in connection therewith, smacked of fraud. All of the facts bearing on this issue have been set out. They are uncontroverted.

The only question here is whether those facts sufficiently indicate fraud and collusion perpetrated by the Hendersons for the purpose of vesting the Jackson Circuit Court with jurisdiction over defendant Allen. The Court said, in Glaze v. Glaze (Mo. App.) 311 S.W.2d 575, 578, that it was well settled long ago that no Court should sanction any attempt to bring a party within its jurisdiction by fraud and misrepresentation. However, those statements were made in connection with situations involving the bringing of a party into the jurisdiction by *criminal* process for the purpose of serving him with a *Civil* process. We have found no case dealing with a situation similar, on the facts, to the case here presented.

Fraud, usually, is not readily susceptible of proof; but a finding of fraud must rest on something more substantial than suspicion, surmise and *speculation*. He who asserts fraud has the burden of making it manifest. If, in the pursuit of fraud, two judicial views are open on the facts, one in favor of honesty, the other contra, we must take the nobler view and find against fraud. Honesty of intent and purpose should be presumed unless the facts and circumstances are such as to satisfy the mind to the contrary. Glaze v. Glaze, supra, 311 S.W.2d 578, 579.

In this case, plaintiff had the legal right, in good faith, to sue her husband and Allen in a joint action, in a proper case. She could bring the suit in Jackson County, where plaintiff and defendant Henderson were residents, and cause Allen to be served with process in Clay County. Such procedure, of itself, would not indicate fraud. Ordinarily, a defendant in a civil action (including a divorce case) may voluntarily waive service of process and enter appearance. It is a common practice. Such an act, of itself, does not carry an implication of fraud or collusion. As we view the record here, this is as far as the evidence goes. We can not presume fraud, and fraud has not been proven.

The judgment is reversed and the cause remanded.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.