**Nancy L. BEARD, Respondent,**

v.

**Gerald R. BEARD, Appellant.**

No. 14587.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 14, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 5, 1987.

Ginger (Wagner) Jones, Springfield, for respondent.

John R. Lewis, Lewis & Stevens, P.C., Springfield, for appellant.

PREWITT, Presiding Judge.

The marriage between appellant and respondent was dissolved in Greene County, Missouri on November 22, 1974, and appellant ordered to pay child support for Melanie L. Beard, the only child born of the marriage. On January 31, 1985, appellant was charged with felony non-support for failing to support her. He was arrested in Texas, where he resided, and came to Missouri "under extradition proceedings".

On March 26, 1985, respondent initiated this proceeding by filing a two-count "Motion to Modify". One count sought to modify the decree dissolving the parties' marriage, seeking to increase the amount of child support. The second count asked the

court to find appellant in contempt of court for failing to pay child support under that decree.

After attempts to serve appellant with the motion and summons failed, appellant was served on April 25, 1985, at the Greene County Courthouse when he appeared for a preliminary hearing on the non-support charge. Following service, appellant moved to have the case dismissed or service quashed under § 548.251, RSMo 1978. That motion was overruled. After a trial on the motion, the trial court modified the decree of dissolution to increase the amount of child support, awarded respondent attorney's fees, and denied respondent's request to hold appellant in contempt.

The question presented is whether the service was invalid by reason of § 548.251, RSMo 1978. It states:

A person brought into this state by, or after waiver of, extradition based on a criminal charge shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceedings to answer which he is being or has been returned, until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited.

Appellant cites and relies on this statute and *State ex rel. Stipec v. Owen,* 271 S.W.2d 864 (Mo.App.1954). At the time of service in that case § 548.251 was not effective, but the court noted that "it appears to be a statutory enactment of the well reasoned case law as it then stood." 271 S.W.2d at 867. In *Owen,* service of a petition and summons in a divorce case was held void when the defendant had been extradited from Texas and was served in Missouri while free on bond awaiting trial on a charge of non-support of his wife and minor child.*

Citing such cases as *Glaze v. Glaze,* 311 S.W.2d 575 (Mo.App.1958) and *Henderson v. Henderson,* 373 S.W.2d 482 (Mo.App. 1963), respondent contends that the question is whether the service was fraudulently obtained by causing a criminal action to be instituted for the purpose of the service of civil process. *Glaze* and *Henderson* are not applicable here as neither involved non-residents. Nor do we see any indication in § 548.251 that any wrongful purpose or fraudulent intent is required for it to apply.

In construing a statute the legislative intent is to be determined from the language used in the statute and words are to be considered in their plain and ordinary meaning. *State v. Adkins,* 678 S.W.2d 855, 859 (Mo.App.1984); *Benham v. Cox,* 677 S.W.2d 429, 431 (Mo.App.1984). Section 548.251 states that if a person is brought into the state because of a criminal charge, that person will not be subject to personal process in civil actions "arising out of the same facts as the criminal proceedings" until he has been convicted or if acquitted, had a reasonable opportunity to return to the state from which he was extradited.

Under the statute, whether there was fraudulent intent to procure service by using the criminal proceedings does not change the result. Where a statute "admits of no exception ... the Court should not engraft one by judicial legislation." *Poling v. Moitra,* 717 S.W.2d 520, 522 (Mo. banc 1986).

We therefore conclude that the question is whether the two cases were ones "arising out of the same facts." On this question respondent contends that § 548.251 is inapplicable because her motion does not arise out of the same facts as the criminal proceeding. She contends that the civil action does not arise out of appellant's failure to provide support for the minor but is "predicated upon a change of circumstances so substantial and continuing as to make the terms of the original decree un-

---

* For the law generally regarding service upon persons present due to criminal charges, see 62 Am.Jur.2d Process, § 55, p. 838 (1972); 72 C.J.S. Process § 82, p. 1121 (1951); Annot. 20 A.L.R.2d 163, "Immunity of nonresident defendant in criminal case from service of process" (1951).

reasonable." No attempt is made to distinguish *State ex rel. Stipec v. Owen.*

 "Arising out of" is a "broad, general, and comprehensive" term ordinarily meaning "originating from" or "having its origin in", "growing out of" or "flowing from". *Baca v. New Mexico State Highway Department,* 82 N.M. 689, 486 P.2d 625, 628 (1971). See also *Schmidt v. Utilities Ins. Co.,* 353 Mo. 213, 182 S.W.2d 181, 184 (1944).

*Ex parte Dodd,* 72 Idaho 351, 241 P.2d 359 (1952) involved a statute similar to § 548.251. There it was held that service of an order to show cause why Mr. Dodd should not be punished for contempt of court for violating a civil order, was improper when he was in the state by extradition to answer a kidnapping charge based on taking the child from the state. The contempt proceedings were for violating the order by taking the same child from the state.

■ Although perhaps not "based" on the same facts, giving "arising out of" a broad, comprehensive meaning, the motion for modification and the non-support charge arise out of the same fact, appellant's obligation to support his daughter. The case here is at least as related to the criminal charge against appellant as was the relationship of the cases in *State ex rel. Stipec v. Owen.* While in the state, answering the criminal charge, appellant was not subject to service of process in this action and the service which he received was therefore invalid.

■ Appellant's motion to supplement the legal file and respondent's motion to supplement the appellant's supplemental legal file, taken with the case, are both denied. The record does not establish that the documents the parties seek to add to the legal file were presented to the trial court or that it took judicial notice of them.

The judgment against appellant is reversed and the cause remanded to the trial court with directions that it enter an order quashing the purported service of process on appellant.

HOGAN, FLANIGAN and MAUS, JJ., concur.