931 F.2d 1282
 FORTUNE SOUTHFIELD COMPANY, a Missouri General Partnership,
Fortune 5 B Company, General Partner of Fortune Southfield
Company, Edward L. Bakewell, Jr., Trustee for Edward L.
Bakewell, III, U/I/T Dated 2/3/82, Edward L. Bakewell, III,
Thomas J. Bannister, Joseph P. Bannister, and Thomas J.
Bannister, Trustee for Anderson D. Bakewell U/I/T Dated
9/15/83, General Partners of Fortune 5 B Company;
Southfield Partnership, General Partner of Fortune
Southfield Company, Jerome L. Gidlow, Catherine S. Gidlow,
Jerry Spitzer, and Thomas Spitzer, General Partners of
Southfield Partnership
v.
The KROGER CO., a Corporation, Defendant-Third Party
Plaintiff, Appellant,
v.
SCHNUCKS MARKETS, INC., a Corporation, Third Party
Defendant, Appellee.
FORTUNE SOUTHFIELD COMPANY, a Missouri General Partnership,
Fortune 5 B Company, General Partner of Fortune Southfield
Company, Edward L. Bakewell, Jr., Trustee for Edward L.
Bakewell, III, U/I/T Dated 2/3/82, Edward L. Bakewell, III,
Thomas J. Bannister, Joseph P. Bannister, and Thomas J.
Bannister, Trustee for Anderson D. Bakewell U/I/T Dated
9/15/83, General Partners of Fortune 5 B Company;
Southfield Partnership, General Partner of Fortune
Southfield Company, Jerome L. Gidlow, Catherine S. Gidlow,
Jerry Spitzer, and Thomas Spitzer, General Partners of
Southfield Partnership
v.
The KROGER CO., a Corporation, Defendant/Appellee,
v.
SCHNUCKS MARKETS, INC., a Corporation, Third Party Defendant/Appellee.
 Nos. 90-2306EM, 90-2781EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 8, 1991.
Decided April 29, 1991.
Rehearing Denied June 10, 1991.
 
 Wilbur Tomlinson, St. Louis, for defendant-third party plaintiff, appellant.
 Roger Edgar, St. Louis, for third party defendant, appellee.
 Before ARNOLD and FAGG, Circuit Judges, and RE,* Chief Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 This case is about a grocery store in St. Louis County, Missouri. The store was built by Fortune Southfield, a partnership. Originally, the Kroger Company was to occupy the store, but when construction was almost complete, Kroger decided to sell the store to Schnucks Markets, Inc., a local chain. A dispute arose about payment to Fortune Southfield for the construction costs. Two issues are presented on these appeals: whether Kroger or Schnucks is responsible for these costs, and whether, if Kroger is responsible, it must also indemnify Schnucks for attorneys' fees.
 
 
 2
 No. 90-2306EM is the main appeal, raising the issue of responsibility for the construction costs as between Kroger and Schnucks. The parties agree that the issue is governed by paragraph three of the Purchase Agreement between Schnucks and Kroger, dated November 15, 1986. This paragraph reads as follows:
 
 
 3
 Schnucks shall assume all of the obligations of Kroger under [Kroger's lease with Fortune Southfield] accruing on and after the Closing Date.
 
 
 4
 (In this quotation, and in others contained in this opinion, we have used the actual names of the parties in place of legal designations like buyer, lessor, and the like.)
 
 
 5
 The sum at issue, calculated without interest, is a little more than $208,000. It represents, with an exception to be noted shortly, the amount owed to Fortune Southfield for work done before the closing date of the Kroger-Schnucks transfer, December 22, 1986, but for which a bill was not sent by Fortune Southfield until after that date. The question turns on the meaning of the word "accrued." Kroger contends that "accrued" means "due and payable." Under its contract with Fortune Southfield, construction costs were not due and payable until a certain time had elapsed after the receipt of a bill from Fortune Southfield by Kroger. Because the bill was not received until after the closing date, the items billed were, in Kroger's estimation, not "accrued" as of the closing date. Schnucks, on the other hand, contends that "accrued" is ambiguous, that extrinsic evidence was therefore properly received by the District Court, and that this evidence shows that the parties intended that the costs in question be paid by Kroger.
 
 
 6
 The District Court, 740 F.Supp. 729, ruled in favor of Schnucks on this point, and so do we. Missouri law governs, and we review the District Court's application and interpretation of Missouri law de novo. Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). Under that law, if a written contract is ambiguous, extrinsic evidence, including live testimony, as to its meaning may be received, and the interpretation of the contract becomes a question of fact, reviewable here, of course, for clear error only. That is what happened in this case. The District Court thought the word "accrued" was sufficiently ambiguous to allow the introduction of extrinsic evidence. We agree, largely for the reasons stated in that Court's opinion. Certainly there are contexts in which "accrued" means "due and payable." This is one of the dictionary definitions of the word. In the context of a sale like the present one, however, we think the parties could well have intended the word to refer to work done before the closing date, work done before Schnucks acquired any interest in the building. A buyer and seller allocating construction costs between themselves might very well ascribe such a meaning to "accrued." Testimony received by the District Court indicates such an intention on the part of these parties, and the District Court's findings on this score are not clearly erroneous. Accordingly, the District Court's judgment for Schnucks and against Kroger on Kroger's third-party claim against Schnucks will, in the main, be affirmed.
 
 
 7
 As to one item, however, we believe the District Court erred in ruling in favor of Schnucks. A rooftop fence was constructed at a cost of $13,566 some months after the closing date. We see no construction of the word "accrued" which could reasonably cover this item. The work did not occur before the closing date, and, of course, the bill was not sent before that date. Accordingly, the District Court's judgment in favor of Schnucks with respect to construction costs will be modified by reducing the judgment in the amount of $13,566. On remand, the District Court should re-compute the amount of the judgment, including the amount of any interest thereon, as appropriate to reflect this modification.
 
 
 8
 The other issue has to do with attorneys' fees. This is the question raised in No. 90-2781EM. In order to explain this issue, it is necessary to recount briefly the procedural posture of this case. Fortune Southfield began the action, suing Kroger for the unpaid construction costs. Kroger, in its turn, filed a third-party complaint against Schnucks, claiming that, under its agreement with Schnucks, Schnucks should pay whatever Fortune Southfield was owed. Schnucks counterclaimed against the third-party plaintiff, Kroger, alleging that Kroger, not Schnucks, was liable to Fortune Southfield for these costs, and that Kroger should indemnify it, Schnucks, both for the construction costs themselves and for any related expenses, including attorneys' fees incurred in establishing its rights under the agreement with Kroger.
 
 
 9
 The District Court held for Kroger, taking the view that the contract between the parties did not authorize an award of attorneys' fees in favor of Schnucks. We disagree. The relevant language is as follows:
 
 
 10
 Schnucks shall not assume and shall not be liable for any obligations or liabilities of any kind whatsoever of Kroger other than those expressly assumed hereunder. Kroger agrees to indemnify and hold Schnucks harmless against any loss, cost, liability or expense, including cost and expenses of litigation and reasonable attorneys fees, arising out of ... Kroger's obligations as tenant under ... [the Lease with Fortune Southfield] accruing prior to the ... Closing Date as to the [Fortune Southfield] Store ... or ... by reason of the incorrectness or breach by Kroger of any of its representations, warranties and agreements set forth in this agreement.
 
 
 11
 The language is plain. Kroger did not comply with its obligations under the purchase agreement. Specifically, it did not pay Fortune Southfield for construction costs that accrued prior to the closing date with Schnucks. Attorneys' fees paid by Schnucks to establish Kroger's failure to satisfy these obligations clearly qualify as "any loss, cost, liability or expense, including ... reasonable attorneys fees, arising out of ... Kroger's obligations as tenant ... accruing prior to the ... Closing Date...." Accordingly, the District Court's decision to deny an award of attorneys' fees to Schnucks under this agreement will be reversed.
 
 
 12
 Kroger cites cases to the effect that an obligation to indemnify does not cover attorneys' fees incurred in the very action brought to establish the duty of indemnification. No doubt this is the general rule at common law, but parties are always free to vary the rule by agreement, and that is exactly what happened here. The language above quoted is clear and unambiguous. Under it, Schnucks is entitled to an award of fees.
 
 
 13
 On remand, the District Court should determine reasonable attorneys' fees incurred by Schnucks in defense of Kroger's third-party claim and in the prosecution of its counterclaim against Kroger, together with other reasonable costs and expenses of the litigation. It should then make an award in favor of Schnucks in this amount, provided, though, that the District Court has discretion to reduce the award to account for the fact that the expenses for the rooftop fencing referred to above, will not be awarded to Schnucks.
 
 
 14
 In the main appeal, No. 90-2306EM, the judgment against Kroger and in favor of Schnucks is affirmed, subject, however, to an appropriate reduction to reflect the rooftop-fencing expense properly to be born by Schnucks. In the attorneys' fees appeal, No. 90-2781EM, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
 
 
 15
 It is so ordered.
 
 
 
 *
 The Hon. Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation